Battle J.
In the probate of a nuncupative will, the Court ought to see that every thing which the statute requires, has been fully and faithfully observed. Rankin vs Rankin, 9 Ired., Rep. 156; Brown vs. Brown, 2 Murp. Rep. 350. In the present case it is admitted by the counsel for the caveators, that every requisition of the act (Rev. Code, ch. 119, sec. 11.) has been complied with, *265 what is cabled the rogatia testium, the calling upon the witnesses to the will or some of them, “ to bear witness thereto by the testator himself.” This the counsel contends was not done ; but we think he is clearly mistaken. ;The witnesses to the will were Dr. Q-. N. Shamwell, A. H. March and O. M. Smith; thé last of whom was not examined because he was a legatee. Exclusive of Smith, there were two witnesses, the number required by the statute.- Of these A. H. March was unquestionably called upon to bear witness to the will. He was invited into the room for that very purpose, was addressed by the testator, who proceeded to state what he wished to be done wjth his property. It is- true that he did not say to March that it was his will which he was making, but he stated what disposition he wished to be made of his property, and to show that it was ia contemplation- of death, he named the persons who were to act as executors. 'March, then, must have known that the testator was making his will, and that he himself was called upon to bear witness to it. Dr. Sham-well was then in the room and heard the will as it was dictated by the testator. But it is objected that he was not intended to be a witness, and was not addressed as such by the testator. In reply it may be said, that it does not appear from ,the circumstances of the transaction, that he was to be excluded as a witness ; and from the fact that the testator had just before requested him to write his will, it'may well be inferred that he was to be a witness, though the two other persons named were mere especially to be called in for- that purpose: The statute requires only that some of the witnesses present at the making of a noncupative will shall be u specially required to bear witness ” to it. The object of this requirement of the. statute is that it may be known with certainty thfit the testator was making his *266 will, and that tbe witnesses, by having their attention drawn to it, may understand and be able to recollect what the will was. This object is, in the estimation of the law, accomplished, when the attention of any one of the witnesses is called to the transaction, and that was certainly done in the present case. In our opinion then, his Honor in the Court below erred in holding and instructing the jury that the will was not well proved.
The judgment must be reversed, and a venire <h nova awarded.