CLAWSON *v.* CITIZENS' MUTUAL FIRE INSURANCE CO.

FIRE INSURANCE—APPLICATION—TITLE—CONDITIONS—WAIVER— ESTATE BY ENTIRETY.

Where one having an interest in land as tenant by the entirety procured a building thereon to be insured upon an application wherein, without intent to misrepresent or fraudulently conceal the facts, he replied to the question, "What is your title?" by the word "Deed," and received a policy conditioned that it should be void "if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple," he can recover on the theory— but, in view of the broken condition, only on the theory— that the application was sufficient to put the company on inquiry as to the nature of his title, and that, by issuing the policy without such inquiry, it waived the right to insist upon such condition; an estate by entirety being in fact an insurable interest in the whole premises.

Error to Jackson; Peck, J. Submitted October 6, 1899. Decided October 24, 1899.

*Assumpsit* by Mark Clawson against the Citizens' Mutual Fire Insurance Company on a policy of insurance. From a judgment for plaintiff, defendant brings error. Affirmed.

*George S. Wilson* (*Charles A. Blair*, of counsel), for appellant.

*Garry C. Fox*, for appellee.

Hooker, J. The plaintiff procured a policy of insurance from the defendant company. The application was made upon a printed blank furnished by the defendant's agent, who wrote the answers to the questions contained thereon, as given by the plaintiff. To the sixth question, "What is your title?" the plaintiff answered, and the agent wrote, "Deed." The application concluded with the following clause:

"In consideration of the protection afforded by the company, it is hereby agreed on the part of the applicant that he will abide by the regulations of the company as contained in their policy, and pay his equitable proportion of the rate necessary to pay losses and expenses, not exceeding the sum specified in this application, during the life of the policy."

The application was sent to the home office, which issued and forwarded the policy, which was the Michigan standard form. It contained the following provision:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; * * * or if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple."

On February 18, 1898, the property insured, including a building, was destroyed by fire. On March 8th, proof

of loss was made on a blank furnished by an agent of the defendant, when it appeared that the plaintiff and his wife held title to the premises under a deed which made them tenants by the entirety. Thereupon the defendant refused to pay the loss, and this action was brought.

Two points are raised in the brief of the appellant:

1. That the application misrepresented the plaintiff's title.

2. That the policy is void under the provisions quoted.

The cause was tried by the court, and written findings were filed. The court found that there was neither fraudulent misrepresentation nor concealment of the plaintiff's title, and held that the provisions of the policy were waived. The defendant has appealed.

It is contended that the statement that the title was held by deed was equivalent to a representation that plaintiff held title in fee, whereas he had no inheritable title, being neither a tenant in common nor an ordinary joint tenant, as his wife had a right of survivorship of which he could not devest her, and might become sole owner in fee at his death. The conditions of the policy are valid, and there is nothing in the findings to excuse the plaintiff from not knowing that they were in the policy. It is also true that the plaintiff's title did not meet the requirements of such conditions, and that he should not have been permitted to recover, unless the conditions were waived. The policy indicates that risks upon property, the sole, absolute, and unconditional title to which is not in the insured, are not desired, and, if taken at all, will be confined to cases where it is expressly so provided. In such cases these conditions are waived, and wherever the writings which constitute the contract show an express waiver, or facts which may be said to put the company upon inquiry in relation to the title, it is not unreasonable to say that there is such waiver. A contract of insurance is executed by the insured by payment of the premium, while it is executory by the company. If, after a fire, it turns out to be void, there is little, if any, loss to the company, for,

at most, it must refund the premium; but to the insured the loss is greater. Holding a policy void in a case of this kind is akin to enforcing a forfeiture, and there is no hardship in holding the company to the utmost good faith. The application asked the plaintiff to state by what title he held this property, which neither the application nor policy described as "his." His reply was, "Deed." This did not convey any information upon the question of his sole and absolute ownership in fee, for his deed might be any kind of a deed, and it might purport to convey any of the numerous estates less than a fee simple that may be conveyed by deed. It was a representation that he had a deed of the entire parcel, but the estate sought to be conveyed by the deed was not intimated. The agent knew that, and the home office knew it when the policy was issued, and we think it no injustice to hold that the company intended to insure whatever insurable interest he had in the entire premises.

We do not mean to be understood that the company was not justified in believing that his deed covered the entire premises. Had it covered but the south one-fourth, or the undivided one-fourth, or any other aliquot part, we might say that it was a misrepresentation, and that the clear implication was that the plaintiff had title by deed to the property that he was insuring, upon which the company had the right to rely. The case of *Miotke* v. *Insurance Co.*, 113 Mich. 166, discusses a similar question, although the circumstances under which the policy was taken were different. The plaintiff had an estate well known to the law in the entire parcel. It was not an absolute estate in fee, but it might ripen into one. The character of his holding was discussed by Mr. Justice Moore in the recent case of *Dickey* v. *Converse*, 117 Mich. 449. This was an insurable interest in the whole, and one which the defendant was bound to know might be conveyed by deed. We think this point covered by the case of *Miotke* v. *Insurance Co., supra.*

The judgment is affirmed.

The other Justices concurred.