JOHN MCLAUGHLIN & others *vs.* CHARLES G. RICE.

Suffolk.    November 13, 1903. — February 27, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Evidence,* Extrinsic affecting writings.    *Husband and Wife.    Joint Tenants and Tenants in Common.    Deed.*

It may be shown by extrinsic evidence, that a man and woman, named as grantees in a deed, were husband and wife when the deed was executed, before 1885, and therefore took an estate by entireties.

A deed to husband and wife executed before the enactment of St. 1885, c. 237, conveys an estate by entireties, which passes to the survivor.

WRIT OF ENTRY, dated October 18, 1901, by the heirs at law of Robert McLaughlin, for one undivided half of a parcel of land in Boston.

At the trial in the Superior Court before *Mason,* C. J., without a jury, it appeared, that the tenant claimed the whole estate, through mesne conveyances, from Jane McLaughlin, widow of Robert. The demandants put in evidence a deed dated May 2, 1878, from Samuel T. Harris, conveying the whole of the premises to " Robert McLaughlin and Jane McLaughlin and their heirs and assigns forever," the deed containing no statement as to whether or not they were husband and wife. The demandants introduced evidence tending to prove that Robert McLaughlin entered into possession of the premises and continued in possession until June 20, 1879, when he died intestate and without issue, that at that time his father and mother were living in Ireland, and that they died in 1892, leaving the demandants their children and heirs at law. The demandants contended that they were entitled to recover one undivided half of the premises as heirs at law, through their parents, of their brother Robert.

The tenant offered evidence, tending to prove the marriage of Robert McLaughlin and Jane McLaughlin, and contended that Robert and Jane took as tenants by the entireties, and that Jane, who survived Robert, became seised of the whole premises. This evidence was admitted by the judge against the objection of the demandants.

The demandants asked the judge to rule: 1. That all evidence as to a marriage was incompetent and inadmissible. 2. That there is no sufficient evidence that Robert McLaughlin and Jane McLaughlin were husband and wife. 3. That under the deed of Harris to Robert McLaughlin and Jane McLaughlin they took as tenants in common.

The judge refused to make any of these rulings, but made the following findings of fact: 1. That Robert and Jane McLaughlin were husband and wife at the time of the deed from Samuel T. Harris to Robert and Jane, dated May 2, 1878. 2. That the intent and purpose of all the parties to that deed was that it should convey the premises described therein to Robert and Jane as husband and wife, but that the parties did not contemplate or have any intent what technical estate should be created thereby. 3. That Robert and Jane McLaughlin made no conveyance of the premises or any part thereof during their joint lives. 4. That Robert McLaughlin died on June 20, 1879. 5. That Jane McLaughlin died in November, 1899.

Upon these facts the judge ruled: 1. That Robert McLaughlin and Jane McLaughlin took an estate by the entireties. 2. That on the death of Robert McLaughlin, Jane McLaughlin, as survivor, became sole owner of the granted premises. He found for the tenant; and the demandants alleged exceptions.

*H. J. Dubois*, for the demandants.

*H. M. Davis*, for the tenant.

LATHROP, J.   1. The first exception in this case and the first request for instructions raise the question whether, when land is conveyed by deed to A. and B., evidence is admissible to show that the grantees are husband and wife. We have no doubt that such evidence is admissible. If it were not, then a deed from a husband directly to his wife, which did not describe her as such, would be a valid deed, which could not for a moment be contended. In *Morris* v. *McCarty*, 158 Mass. 11, a deed was

made to A. and B., the latter being described as the wife of A. It was held that as B. was not in fact the wife of A., the grantees did not take an estate by entireties. It is the fact and not the description or want of description which determines the question. The first exception must therefore be overruled, and the first request for instructions was properly refused.

2. The second request for instructions was not argued.

3. The third request for instructions was also properly refused. The deed being to a man and his wife, they took an estate by entireties, and not as tenants in common. The deed was executed in 1878, and as the law then stood the rights of the grantees, they being husband and wife, were the same as at common law. Gen. Sts. c. 89, §§ 13, 14. See also Pub. Sts. c. 126, §§ 5, 6. It was not until the St. of 1885, c. 237, § 1, that the law was changed. In construing all conveyances prior to that statute, it has been held that a conveyance to a husband and wife conveyed an estate by entireties. *Pray* v. *Stebbins*, 141 Mass. 219. *Donahue* v. *Hubbard*, 154 Mass. 537. *Morris* v. *McCarty*, 158 Mass. 11. *Phelps* v. *Simons*, 159 Mass. 415.

The ruling of the court below that as the wife survived her husband she was the sole owner of the granted premises, and the finding for the tenant, were therefore right.

*Exceptions overruled.*