HARE v. WORKINGMEN'S MUTUAL PROTECTIVE ASS'N.

LIFE INSURANCE — ACTION ON POLICY — PLEADING — SPECIAL DEFENSE—NOTICE—NECESSITY.

> In an action on a life-insurance policy a notice of special defense under Circuit Court Rule No. 7 is necessary if defendant intends to rely on the fact that the suit was not begun within the time limited by the policy, that proofs of loss were not furnished as required by the policy, or that the insured had changed his occupation to one more hazardous than the one he was pursuing at the time the policy was issued, contrary to the terms of the policy, disentitling the beneficiary to recover its full amount.

Error to Bay; Collins, J.  Submitted January 15, 1908.  (Docket No. 63.)  Decided February 15, 1908.

Assumpsit by Violet M. Hare, administratrix of the estate of Alonzo W. Young, deceased, against the Workingmen's Mutual Protective Association on a policy of insurance.  There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Affirmed.

*John J. Sterling,* for appellant.

*Gilbert W. Hand,* for appellee.

151 MICH.—15.

BLAIR, J. Plaintiff brought this suit to recover on an insurance policy issued to A. W. Young in his lifetime, insuring him "by occupation working on punch in shipyard, in Class D, subject to all the conditions herein contained and indorsed hereon," etc. Under the head of "Conditions," the following provisions, among others, were indorsed on the policy:

"(7) Any illness contracted, or any injury received, fatal or otherwise, after a change of occupation to one classified by this association as more hazardous than that herein stated, or if injured while doing any act or thing pertaining to any occupation so classified, the liability of the association shall be only for such proportion of the principal sum or other indemnity as the premium paid will purchase at the rates fixed by this association for such more hazardous occupation. * * *

"(11) Affirmative proof of any injury, fatal or nonfatal, or of any illness for which claim can be made, must be furnished to the association at Benton Harbor, Michigan (on blanks provided by the association), within thirty days from date of death, loss of limb or sight, or of termination of disability: *Provided*, that such proofs as to injury must affirmatively establish the fact that such death, disability or loss resulted directly and independently of all other causes from bodily injuries effected through external, violent and accidental means. No action at law or in equity shall be maintainable before three months nor after six months from date of which this paragraph provides that said affirmative proof must be furnished to the association. Any claim not brought in conformity with the provisions of this paragraph shall be forfeited to the association."

The indemnity for loss of life provided in the policy is $300. The indemnity for loss of life under Class X—to which defendant claims Young changed—is $100, and this amount defendant tendered in discharge of its liability. Defendant pleaded the general issue without notice of any special defense.

The errors relied upon to reverse the judgment for plaintiff, entered upon an instructed verdict, which we think entitled to consideration, are as follows:

"*First.* It especially relies on error No. 4, which relates to the refusal of the court to direct a verdict for defendant on the ground that the suit was not commenced within six months from the date when the policy required proofs of loss to be filed.

"*Second.* It especially relies on error No. 3, which relates to the refusal of the court to direct a verdict for defendant on the ground that the plaintiff failed to furnish proofs of loss within thirty days after the death of Young, the insured, as required by the policy.

"*Third.* It especially relies on errors Nos. 5, 6 and 7, which relate to a refusal of the court to instruct the jury that in no event could they find a verdict against defendant for more than $100, because deceased had changed his occupation from 'working on punch' to that of a 'shearsman,' at the time of his injury, which latter occupation was classified by the defendant as more hazardous than that in which he was insured, and therefore plaintiff could not recover $300, the amount named in the policy."

Plaintiff contends, in accordance with the decision of the circuit judge, that none of these questions can be raised under the plea of the general issue alone. We are of the opinion that the circuit judge did not err in holding that, under the provisions of Circuit Court Rule 7, a special notice was required to authorize the defenses sought to be made under the plea of the general issue. *Cronin* v. *Fire Ass'n,* 112 Mich. 106; *Malicki* v. *Guaranty Fund Life Society,* 119 Mich. 151.

The judgment is affirmed.

Grant, C. J., and Moore, Carpenter, and McAlvay, JJ., concurred.