O'NEILL v. NORTHERN ASSURANCE CO. OF LONDON, ENG-
LAND.

1. APPEAL AND ERROR—FORMER ADJUDICATION—EFFECT.
    Where, on a second trial of an action on a policy of insurance, the evidence is not different from that of the first trial, an adjudication in the Supreme Court that the question involved was for the jury is res judicata on a second appeal.

2. FIRE INSURANCE—TITLE OF INSURED—LAND CONTRACT—VALID-
ITY OF POLICY.
    A policy of insurance is not void for the reason that the insured was not the sole and unconditional owner of the property, where it appeared that the insurer had full knowledge of all the facts and circumstances prior to issuing the policy.

3. SAME—DEFENSES—PLEADINGS.
    Defenses to an action on a policy of insurance, of which notice has not been given in the pleadings, are not available.

Error to St. Clair; Tappan, J. Submitted January 8, 1909. (Docket No. 37.) Decided March 3, 1909.

Assumpsit by John G. O'Neill and others against the

Northern Assurance Company of London, England, on a policy of insurance.   There was judgment for plaintiff, and defendant brings error. . Affirmed.

*Norman I. Miller* (*Beach & Brown*, of counsel), for appellant.

· *Cady & Crandall* ( *W. L. Jenks*, of counsel ), for appellees.

GRANT, J.   1. This case is before us for the second time.   145 Mich. 516.   A sufficient statement of the case and of the evidence is there made.   Upon the first trial the court directed a verdict for the plaintiffs.   Upon the new trial the questions of the cancellation of the policy and the authority of Byron J. McCormick to act for the plaintiffs in the matter were submitted to the jury.   We held upon the former hearing that, if the jury should find that Miss Ferrier, who represented the insurance brokers who issued and attempted to cancel the policy, obtained the policy, as she testified, then the · jury should find there was a valid surrender.   Counsel for defendant now insist that Miss Ferrier's testimony is true, that she did obtain the policy, and that Byron J. McCormick was the agent of the plaintiffs.   Counsel do not point out wherein the testimony in this case differs in any respect from that of the former trial.   The decision in that case controls this question, unless the testimony upon the two trials differs. The case has been submitted to the jury in accordance with that decision, and the jury have found that the policy was not canceled.   The question whether the case should have been submitted to the jury is res judicata.

2. Is the policy void because the plaintiffs were not the· sole and unconditional owners of the personal property described in the policy ?   Prior to the issuance of the policy Arthur L. McCormick had made a purchase of the real estate and of the personal property described in the policy upon contracts—one with the plaintiffs, the other with .A. H. Andrews Company.   The contract made with

the plaintiffs O'Neill, Moore, Dixon, and Jenks gave them a lien upon all the personal property in and about the theater, and provided that McCormick should keep all of said property insured. The language of the policy truthfully described all the property as purchased upon contracts. The defendant was by this language notified that something remained to be done by McCormick to complete his purchase, and that both his interest, whatever it was, and that of the other plaintiffs, were insured. Had it desired further information, it was its own fault that it did not obtain it. There were no fraudulent representations as to the condition of the title, and no deception or concealment. The case falls within the following decisions: *Sibley* v. *Insurance Co.*, 57 Mich. 14; *Clawson* v. *Insurance Co.*, 121 Mich. 591; *Quackenbush* v. *Insurance Co.*, 150 Mich. 555; *Brunswick-Balke-Collender Co.* v. *Assurance Co.*, 142 Mich. 29; *Roloff* v. *Insurance Co.*, 130 Wis. 402.

3. It is further claimed that plaintiffs cannot recover because no notice was given to the defendant of the fire, and no proofs of loss were furnished in compliance with the requirements of the policy, and that the same were not waived. These defenses are not open to the defendant because it gave no notice of them in its pleadings. *Hare* v. *Protective Ass'n*, 151 Mich. 225, and authorities there cited.

The judgment is affirmed.

BLAIR, C. J., and HOOKER, MOORE, and MCALVAY, JJ., concurred.