### J. T. ODUM v. G. H. RUSSELL ET AL.

(Filed 20 December, 1919.)

**Husband and Wife—Estates—Entireties—Survivorship—Deeds and Conveyances—Relationship Not Designated.**

The estate by entireties under a deed of lands to husband and wife rests by common law upon their oneness, and does not depend upon the grantees appearing therein to be designated as having such relationship to each other, the fact of this relationship being alone sufficient, the survivor taking the entire estate free from the debts of the other, when the conveyance otherwise is sufficient.

CLARK, C. J., dissenting.

CASE AGREED, submitted to *Calvert, J.,* at November Term, 1919, of ROBESON, involving the title to land.

From the judgment rendered the defendant appealed.

*McIntyre, Lawrence & Proctor for plaintiff.*
*Russell & Weatherspoon in propria persona.*

BROWN, J. The deed under which plaintiffs claims was executed by D. D. McCall and wife to J. T. Odum and Florence H. Odum, and was in the usual and ordinary form of a fee-simple deed with covenants of general warranty. His Honor found as a fact that at the time of the execution and delivery of this deed that Florence H. Odum was the wife of J. T. Odum; that she died since the execution of the deed, leaving her sur-

viving five children, who are among the defendants in this action. Plaintiff therefore claims that an estate by entireties was created by this deed, and that upon the death of his wife he became the sole owner of said lands in fee simple by survivorship.

Defendants contend that inasmuch as Florence H. Odum was not described in the deed as being the wife of J. T. Odum, that an estate by entireties was not created, and that the grantees took as tenants in common. The precise question presented is, therefore, whether it is necessary that the parties be described and designated as husband and wife in order to create an estate by entireties.

It is not necessary to create an estate by entireties that the parties be described in the deed as husband and wife. It is not the description or designation of the parties as husband and wife that creates the estate by entireties, but it is the fact that the parties sustain that relation. An estate by entireties rests solely upon the common-law doctrine of the oneness of husband and wife, and inasmuch as they are, in contemplation of law, but one person, they take *per tout et non per my.*

In the findings of fact it is declared that the two grantees, J. T. Odum and Florence H. Odum, sustained a relation of husband and wife at the time of the execution of the deed, although they are not so described in the deed itself. We think this is well settled by repeated adjudications and by the text-books. *Long v. Barnes,* 87 N. C., 329; *Hulett v. Inlow,* 57 Ind., 412; *McLaughlin v. Rice,* 185 Mass., 212; *Appeal of Lewis,* 86 Mich., 340; *Thornberg v. Wiggins,* 135 Ind., 178.

The doctrine is laid down in 13 Ruling Case Law, page 1111, as follows: "In order that a conveyance may create a tenancy by entireties it is not necessary that the grantees be described as husband and wife, or their marital relation referred to."

"So a deed to a man and woman vests title in them as tenants by entireties if they are husband and wife, though the grantees did not have any intent what technical estate should be conveyed to them." *McLaughlin v. Rice,* 185 Mass., 212.

The judgment is
Affirmed.

CLARK, C. J., dissenting: The estate by entireties was not created by statute in England, and has been recognized at no time by any statute in this State. On the contrary, being an estate in joint tenancy, it was abolished by the statute of 1784, ch. 204, sec. 6, now Rev., 1579, which abolished "all estates, real or personal, held in joint tenancy," and converted them into tenancies in common. No one has ever denied that an estate by entireties is an estate in joint tenancy. It was further abolished by the Constitution of 1868, Art. X, sec. 6, which provided

ODUM *v.* RUSSELL.

that all property of any married woman, whether acquired before or after marriage, "shall be and remain the sole and separate estate and property of such female."

It follows that when the statute, Rev., 1579, required that all property which is conveyed to any two persons shall be held by them, "as tenants in common and not as joint tenants," that the same rule will apply when it is conveyed to two persons who happen to be man and wife.

The estate by entireties which was created solely by "judicial legislation" persists and continues to live, in spite of statutory and constitutional abolition solely by "judicial recognition." It is argued that because other judges have so held, that this anomalous and troublesome estate which continually comes up to defeat the rights of married women must continue, notwithstanding the act of 1784 and the Constitution of 1868. We had exactly the same anomaly in the doctrine that a man was not punishable for thrashing his wife if he did not permanently injure her. That doctrine, like the estate by entireties, was created by judicial legislation at a time when the judges of England were almost without exception priests, and without statutory recognition it was continued in this State long years after it was repudiated by the courts of England, and in the other States of this country. It was expressly held as late as *S. v. Black,* 60 N. C., 263, upon the ground that the husband should use "such degree of force as is necessary . . . to make her behave herself." In *S. v. Rhodes,* 61 N. C., 454, the judge below held that the husband "had a right to whip his wife with a switch no larger than his thumb, even if there was no provocation on her part." The Court said that the law had been repudiated elsewhere, and had never been adopted by some of our States at all, and said that such ruling "will always be influenced by the habits, manners, and condition of every community."

*S. v. Rhodes* was approved in *S. v. Mabry,* 64 N. C., 593, with some explanation. When the point came up again the Court evidently thought that "the habits, manners, and condition of the community" had improved, for in *S. v. Oliver,* 70 N. C., 61, *Settle, J.,* said, after quoting the doctrine, "The courts have advanced from that barbarism until they have reached the position that the husband has no right to chastise his wife under any circumstances." This was in 1874, nearly nine years after the master's right of chastisement of colored slaves had been abolished.

It would seem that the same course should be taken in this case for both propositions—the right of the husband to violate the personal rights of the wife by chastising her "even without provocation," and his right to assume the ownership of her property in violation of her property rights guaranteed by the Constitution—have exactly the same origin in

"judicial legislation" of the very remote past, and have survived to us from a lower stage of civilization, and are not in accord with the legislation or the ideas of this age. Besides, as to the estate by entirety, we have the statutory abolition of all joint tenancies, which necessarily include the estate by entirety, and the constitutional provision abolishing any right in the wife's estate to accrue to the husband by virtue of marriage.

It is true, as said in *Gooch v. Bank,* 176 N. C., 217, that this Court has more than once suggested to the Legislature to abolish the estate by entireties, *Bynum v. Wicker,* 141 N. C., 96; *Finch v. Cecil,* 170 N. C., 75, and in other cases. The Legislature has not done so, either because the so-called estate by entireties not having been created by any legislation, that body thought the Court, which was alone responsible for its continued existence, should repudiate it, as the Court had repudiated the other doctrine in *S. v. Oliver,* or it may be because of lack of interest in the matter.

The assertion that the estate by entireties is based upon the doctrine that "husband and wife are one" is merely an assertion. They are not one as a matter of fact, and they are not one as to the husband's right to appropriate the property of the wife, for that was absolutely abolished by the Constitution of 1868. The phrase was simply a euphemism, based on the wife being the chattel of the husband, which was absolutely true at the time when the courts in England created, without legislation, the right of the husband over the wife by chastising her person and appropriating her property. At that time, by the ruling of the Courts the personal property of the wife became absolutely the property of her husband, and this remained so in this State till 1868, and hence there was no estate by entirety in personal property. *Gooch v. Bank, supra.* As to realty, that became the property of the husband absolutely during their joint lives, and his in fee if he were the longest liver. If she survived, for feudal reasons, this realty survived to her. Under the former law the property of the wife became the property of the husband for the same reason that the property of slaves belonged to their masters.

The land in question was conveyed to J. T. Odum and Florence H. Odum. If a deed or devise should provide expressly that property should pass to the husband for life, but exempt from execution for his debts, with remainder to him in fee, should he outlive his wife, and to her should she be the longest liver, it is more than doubtful if such conveyance would be valid so far as the exemption from liability for the husband's debts is concerned, but when the conveyance is to J. T. Odum and Florence H. Odum, Florence H. Odum plainly became the owner of an one-half undivided interest in fee simple to said property. The deed so provides, and there is no statute to the contrary, and Rev., 1579,

requires that it shall be so construed, and the Constitution of 1868 enacts that the husband shall acquire no interest in his wife's property *de jure marito*.   It follows that on the wife's death her undivided half interest in this realty passed to her five children subject only to the tenancy by the curtesy, and then only provided she left no will, for the Constitution gave her the absolute right to own and devise her property, real and personal, free from any debts or obligations of the husband.