CLARK, C. J., dissenting.
The deed under which plaintiffs claims was executed by D. D. McCall and wife to J. T. Odum and Florence H. Odum, and was in the usual and ordinary form of a fee-simple deed with covenants of general warranty. His Honor found as a fact that at the time of the execution and delivery of this deed that Florence H. Odum was the wife of J. T. Odum; that she died since the execution of the deed, leaving her *Page 7 
surviving five children, who are among the defendants in this action. Plaintiff therefore claims that an estate by entireties was created by this deed, and that upon the death of his wife he became the sole owner of said lands in fee simple by survivorship.
Defendants contend that inasmuch as Florence H. Odum was not described in the deed as being the wife of J. T. Odum, that an estate by entireties was not created, and that the grantees took as tenants in common. The precise question presented is, therefore, whether it is necessary that the parties be described and designated as husband and wife in order to create an estate by entireties.
It is not necessary to create an estate by entireties that the parties be described in the deed as husband and wife. It is not the description or designation of the parties as husband and wife that creates the estate by entireties, but it is the fact that the parties sustain that relation. An estate by entireties rests solely upon the common-law doctrine of the oneness of husband and wife, and in as much as they are, in contemplation of law, but one person, they take per tout et non per my.
In the findings of fact it is declared that the two grantees, J. T. Odum and Florence H. Odum, sustained a relation of husband and wife at the time of the execution of the deed, although they are not so described in the deed itself. We think this is well settled by repeated adjudications and by the text-books. Long v. Barnes, 87 N.C. 329; Hulett v. Inlow,57 Ind. 412; McLaughlin v. Rice, 185 Mass. 212;Appeal of Lewis, 86 Mich. 340; Thornberg v.Wiggins, 135 Ind. 178.
The doctrine is laid down in 13 Ruling Case Law, page 1111, as follows: "In order that a conveyance may create a tenancy by entireties it is not necessary that the grantees be described as husband and wife, or their marital relation referred to."
"So a deed to a man and woman vests title in them as tenants by entireties if they are husband and wife, though the grantees did not have any intent what technical estate should be conveyed to them." McLaughlin v.Rice, 185 Mass. 212.
The judgment is
Affirmed.