Action was brought on a fire insurance policy covering a building and containing a provision that the policy shall be void "if the interest of the insured be other than unconditional and sole ownership." A plea avers that "the interest of Alfonso Socicero, plaintiff, in the premises insured was other than unconditional and sole ownership, in that the said Alfonso Socicero was not the sole owner of the premises at the said time, that the title of property was vested in plaintiff and his wife." A demurrer to the plea was overruled and the plaintiff, not desiring to plead further, judgment for defendant was rendered and writ of error taken.
The averment of the plea that the interest of the plaintiff in the premises insured was other than unconditional and *Page 822 
sole ownership, is a mere conclusion and is not admitted by the demurrer and is not the necessary result of the averment that the plaintiff "was not the sole owner of the premises, that the title of property was vested in plaintiff and his wife."
To be "unconditional and sole" the interest or "ownership" of the insured must be completely vested, not contingent or conditional, nor in common or jointly with others, but of such nature that the insured must alone sustain the entire loss if the property is destroyed; and this is so whether the title is legal or equitable. Phenix Ins. Co. v. Hilliard, 59 Fla. 590, Text 591, 52 South. Rep. 799.
It is sufficient to satisfy the requirements of "sole and unconditional ownership" in insurance policies that the insured is sole equitable owner and has the full equitable title. Turner v. Home Ins. Co., 195 Mo. App. 136, 189 S.W. Rep. 626.
There may be an unconditional and sole ownership by the husband of an equitable estate in the property even though the legal title be in the husband and wife; and if so this would make the husband the unconditional and sole owner of the property within the meaning of the quoted provision of the policy. The plea does not negative such an equitable estate in the plaintiff and is thereupon insufficient.
Reversed.
TERRELL AND BUFORD, J. J., concur.
BROWN, C. J., AND ELLIS AND STRUM, J., concur in the opinion. *Page 823