LARSEN *v.* GENERAL CASUALTY & SURETY CO.

1. INSURANCE—PLEADING—NOTICE OF SPECIAL DEFENSE REQUIRED WITH PLEA.

    In an action for reimbursement under an indemnity insurance policy, the special defense of the company that notice of the accident was not given to it immediately thereafter, as required by the policy, and that, therefore, it was released from liability, was not available, where notice of such special defense was not given with its plea of the general issue, as required by 3 Comp. Laws 1915, § 12464, and Circuit Court Rule No. 23.

¹Insurance, 33 C. J. § 817.

2. SAME—NOTICE OF SPECIAL DEFENSE REQUIRED WHETHER CON-
DITION BREACHED WAS PRECEDENT OR SUBSEQUENT.

Circuit Court Rule No. 23 makes no exception in favor of
conditions precedent, in requiring notice of special defense
to be given, where breach of condition of policy is relied
on by an insurance company, in an action on the policy,
but it covers precedent as well as subsequent conditions.

Error to Manistee; Cutler (Hal L.), J. Submitted
January 6, 1928. (Docket No. 92.) Decided February 14, 1928.

Assumpsit by Lawrence A. Larsen against the
General Casualty & Surety Company on a policy of
insurance. Judgment for plaintiff on a directed
verdict. Defendant brings error. Affirmed.

*Max E. Neal* and *A. W. Penny*, for appellant.

*Howard L. Campbell*, for appellee.

BIRD, J. Plaintiff had an accident while driving
his automobile on the highway. Riding with him as
his guests were Charles Nungesser, Marlin Nungesser,
Joe Myers, and Andrew Nelson. Charles Nungesser
and Andrew Nelson were injured. Charles Nungesser
soon after recovered a judgment against plaintiff on
the ground of his negligence. Plaintiff held a policy
of indemnity in defendant company. Defendant was
notified according to the terms of the policy, and de-
fended. That trial took place in the same court in
which this case was tried. Soon after the conclusion
of the Nungesser trial plaintiff went to Oklahoma
and remained away two years. When he returned
suit was begun and judgment taken against him by
Andrew Nelson, for negligent operation of the car.
It was to recover the indemnity on this judgment that
the present suit was begun against the defendant.
When plaintiff received the summons in the present

[2]Insurance, 33 C. J. § 817; 38 L. R. A. (N. S.) 62; 47 L. R. A.
(N. S.) 1214; L. R. A. 1918D, 446; 14 R. C. L. 1329; 3 R. C. L.
Supp. 384; 4 R. C. L. Supp. 962.

case he sent it to the defendant, in accordance with the terms of the policy, with the information that it was for injuries growing out of the same accident that was involved in the Nungesser case.    Defendant made no reply.    It did, however, later plead the general issue in the present case, but offered no proofs.    Counsel for defendant sat by and objected to plaintiff's proofs, and at the ·close moved for a directed verdict because the proofs did not show that plaintiff had given the notice required by condition B of the policy:

"Condition B:  Upon the occurrence of an accident, the assured shall give immediate written notice thereof with the fullest information obtainable at the time to the executive offices of the company in Detroit, Michigan, or to its duly authorized agent.    If a claim is made on account of such accident, the assured shall give like notice thereof with full particulars."

Plaintiff also moved for a directed verdict.    The trial court complied with plaintiff's request, and directed a verdict for him of $3,260.65, the amount of the Nelson judgment.

Error is assigned by defendant.    Defendant's counsel say the questions involved are:·

(1) Was notice of the accident of May 18, 1921, immediately thereafter given, and, if so, did such notice satisfy the requirements of the policy?

(2) Was the notice of the accident, as required by the policy, waived?

Plaintiff asserts that the question involved is whether defendant can raise those defenses without giving notice thereof under the general issue.

1. If plaintiff be right in his contention, the questions raised by defendant are immaterial.    Therefore, his contention should be first examined.

The judicature act provides:

"To entitle a defendant to avail himself of any matter of defense, which, according to the practice as it has heretofore existed, was required to be pleaded

specially, or of which a special notice was·required to be given under the general issue or other general plea, such defendant shall annex to his plea of the general issue a notice to the plaintiff, briefly stating the precise nature of such matter of· defense." 3 Comp. Laws 1915, § 12464.

The practice as it has heretofore existed has been to require notice under the general issue of such defenses. A rule of court requiring it has been in·existence since 1869. This rule is still in force and provides:

"In a suit upon a policy of insurance, if the defendant shall rely, in whole or in part, upon any breach of any of the conditions, agreements, representations or warranties of the policy or application therefor, or upon the failure to perform or make good any promise, representation or warranty, or upon the failure to furnish any proof of loss, as required by the policy, there shall be added to the plea a notice, plainly indicating the nature of the defense relied upon." Circuit Court Rule No. 23, § 4.

The view which this court has taken of the rule is found in many of its Reports. In *Hare* v. *Protective Ass'n,* 151 Mich. 225, defendant sought to show: (*a*) The suit was not begun within the time limited in the policy. (*b*) Proofs of loss were not delivered within the time limited in the policy. (*c*) No notice had been given that the insured had changed his occupation. This court, in holding that these defenses were not permissible, said:

"Plaintiff contends, in accordance with the decision of the circuit judge, that none of these questions can be raised under the plea of the general issue alone. We are of the opinion that the circuit judge did not err in holding that under the provisions of Circuit Court Rule 7 a special notice was required to authorize the defenses sought to be made under the plea of the general issue. *Cronin* v. *Fire Ass'n,* 112 Mich. 106; *Malicki* v. *Guaranty Fund Life Society,* 119 Mich. 151."

The question was again discussed in *O'Neill* v. *Assurance Co.*, 155 Mich. 564, and Mr. Justice GRANT, speaking for the court, said:

"It is further claimed that plaintiffs cannot recover *because no notice was given to the defendant of the fire,* and no proofs of loss were furnished in compliance with the requirements of the policy, and that the same were not waived. These defenses are not open to the defendant because it gave no notice of them in its pleadings. *Hare* v. *Protective Ass'n,* 151 Mich. 225, and authorities there cited."

See, also, *Lessnau* v. *Catholic Order of Foresters,* 163 Mich. 111, 121.

It is quite evident that if the section of the judicature act quoted be construed with Rule No. 23 and the holdings of the court thereon, the circuit judge was right in his conclusion. If we consider nothing but the rule of court, we think the trial court reached the right conclusion.

But counsel argue that a distinction is made between conditions precedent and conditions subsequent; that a condition subsequent requires a notice, but a condition precedent does not; that condition B is a condition precedent, and, therefore, notice was unnecessary. This is the rule in some of the States, although there is some disagreement over it elsewhere. It is clear, however, that the common-law rule does not obtain in Michigan on this question of practice. Our practice is controlled by the court rule, which provides that if defendant shall rely *upon any breach of any of the conditions,* etc., he shall give notice. It will be noted that no exception in favor of conditions precedent is made. The court rule covers precedent as well as subsequent conditions. The annotator of the article of insurance in Corpus Juris in stating the general rule notes the fact that the general rule is not in force in Michigan, but is controlled by a court rule. 33 C. J. pp. 100, 101.

The learned counsel for the defendant grow somewhat impatient over the fact that this is a technical point. It is a technical point, but counsel, in their zeal for their client, evidently overlook the fact that they are standing upon ground quite as narrow when they insist that notice of the accident should have been given to the defendant *in writing* instead of *orally.*

We think the trial court was right in his conclusion, and the judgment must be affirmed.

The foregoing opinion was prepared by the late Justice BIRD, and is now adopted as the opinion of the court.

NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred. FLANNIGAN, C. J., did not sit.