W. T. WHITLOCK AND FRANCES McBRIDE, joined by her husband, ELIAS McBRIDE, *Petitioners,* vs. AMERICAN CENTRAL INSURANCE COMPANY OF ST. LOUIS, a corporation, *Respondents.*

144 So. 412.

Division B.

Opinion filed October 18, 1932.

Petition for rehearing denied November 25, 1932.

*Whitaker Brothers* for Petitioners;

*Hampton, Bull & Crom,* for Respondent.

WHITFIELD, P.J.—On March 27, 1931, the civil court of record for Hillsborough County rendered a judgment for the plaintiffs in an action on a fire insurance policy. On May 15, 1931, a writ of error was taken to the circuit court. By Chapter 14663, Acts of 1931, the civil court of record for Hillsborough County was abolished, the statute becoming effective December 31, 1931. On February 1, 1932, the circuit court reversed the judgment of the civil court of record and remanded the cause "for a new trial." A writ of certiorari was issued from this court upon a petition alleging that the circuit court had no power to reverse the judgment of the civil court of record after such court had been abolished, and that the correct rule of law had not been applied by the circuit court in reversing the judgment that had been rendered by the civil court of record. The respondent moves to quash the writ of certiorari. If the circuit court had no authority to exercise its appellate jurisdiction to determine a cause on writ of error to a judgment of the civil court of record after the latter court had been abolished, though the writ of error was taken before such court was abolished, a writ of certiorari may be a proper remedy. When the judgment of the civil court of record was reversed, the court had been abolished and the causes pending therein were by law transferred to the circuit court for trial and disposition. Chapter 14663, Acts 1931. While a possible legal effect of the reversal by the circuit court of the judgment of the abolished civil court of record might be a right to a new trial to be had in the circuit court to which the causes pending in the civil court of record were transferred upon the abolition of the civil court of record, yet such reversal involving a question of jurisdiction may, under the circumstances here shown, be reviewed by certiorari if allowed by this court.

By section 1, Article V, constitution of 1885, "the judicial power of the State shall be vested in a Supreme

Court, Circuit Courts, County Judges, and Justices of the Peace.'' An amendment adopted in 1914 added ''Court of Record of Escambia County'' ''and such other courts or commissions as the Legislature may from time to time ordain and establish.''

Under amended section 1, Article V of the constitution, Chapter 6904, Acts of 1915, provided for a ''Civil Court of Record in each county which has, or shall have, a population of more than seventy thousand (70,000) according to the last preceding Federal census, or as such census hereafter taken: Provided, that the provisions of this Act shall not apply to any county which has been divided subsequent to the last preceding Federal census * *.'' By the Federal census of 1910, only two counties in Florida had ''a population of more than seventy thousand.'' Duval county had 75,163 population and Hillsborough county had 78,374 population. As Hillsborough county had ''been divided subsequent to the last preceding Federal census,'' · in the formation of Pinellas county by Chapter 6247, Acts of 1911, Duval county was the only one in which a civil court of record was established under Chapter 6904, Acts of 1915.

Chapter 8521, Acts of 1921, provided for a ''Civil Court of Record in each county which has, or shall have, a population of more than an hundred thousand (100,000) according to the last preceding Federal census, or as such Federal census is hereafter taken; and that ''The Civil Court of Record in existence under'' Chapter 6904, Acts of 1915, sections 3310 to 3324, Revised General Statutes, ''is hereby abolished, its termination being in all respects effectual and final when but not until the Judge hereunder provided for shall be lawfully commissioned.''

By the Federal census of 1920, Duval county was the only county in the State having a population of more than 100,000 and consequently a civil court of record existed

only in Duval County under Chapter 8521, Acts of 1921, though such a court could have been established in other counties subsequently attaining more than 100,000 population according to the later Federal censusses, if Chapter 8521 had not been superseded by Chapter 11357, Acts of 1925, except as to the provisions of Chapter 8521 which are still applicable to the civil court of record for Duval county. Chapter 11357, Acts of Extra Session 1925, effective January 1, 1926, provided for a "civil court of record in each county in the State of Florida, which has or shall have a population of more than One Hundred Thousand (100,000) according to the last State census, or as such census hereafter taken, provided that the provisions of this Act shall not apply to any county in which there has heretofore been established a civil court of record." See sections 5156 et seq. Compiled General Laws, 1927, for *general* provisions relating to civil courts of record.

By the State census of 1925, the population of Duval county was 123,396; Dade county, 111,413; Hillsborough county, 133,384. No other county had a population of more than 100,000. Under Chapter 11357, a civil court of record was established in each of the counties of Hillsborough and Dade. As a civil court of record had theretofore been established in Duval County, such court was excepted from the provisions of Chapter 11357, Acts of 1925, leaving Chapter 8521, Acts of 1921, applicable only to Duval county; and the provisions of such Chapter 8521 were not included in the *general* laws contained in the Compiled General Laws of 1927.

Under section 11, Article V, constitution, "The Circuit Courts * * shall have final appellate jurisdiction in all civil and criminal cases arising in the county court" * * "and appellate jurisdiction * of such other matters as the legislature may provide."

Section 11, Chapter 11357, provides that:

"The circuit courts shall have appellate jurisdiction in all cases decided by such civil courts of record in the same manner and with the same limitations as in writs of error from the Circuit to the Supreme Court." See Sec. 1, Ch. 15666, Acts 1931, giving Circuit Courts "final appellate jurisdiction" in such cases.

Section 1, Chapter 14663, Acts of 1931, enacts that:

"The Civil Court of Record in and for Hillsborough County, Florida, be and the same is hereby abolished and all cases pending in said Court on the dates of its abolishment shall be transferred by the Clerk of said Court to the Circuit Court of said County and there docketed by the Clerk of the said Circuit Court and said cases shall be tried and disposed of in said Circuit Court."

The effect of Chapter 14663 is merely to abolish the civil court of record for Hillsborough county created under Chapter 11357, leaving the provisions of Chapter 11357 in force.

In this case the writ of error from the Circuit Court to the judgment of the civil court of record for Hillsborough county was issued and made effective before the civil court of record was abolished; and the abolition of such court does not affect the appellate jurisdiction already acquired by the circuit court under Chapter 11357 which is still in force, notwithstanding the abolition of the civil court of record for Hillsborough county.

The amended declaration filed in the cause in the civil court of record by Frances McBride joined by her husband, Elias McBride, and W. T. Whitlock against the insurance company alleges in substance that the defendant issued to Mrs. Edith Callahan, its policy of insurance upon stated property with New York standard mortgage clause in favor of W. T. Whitlock, the mortgagee attached; that W. T. Whitlock assigned the mortgage and the note secured by the mortgage to Carl Baughman who endorsed the same to Frances McBride, but said Carl Baughman endorsed same

without recourse as to him, "and said insurance policy with said New York Standard Mortgage Clause attached thereto was deposited, with said mortgage and note, in the hands of said Frances McBride as collateral security, said endorsements and assignments being made after said New York Standard Mortgage Clause was attached to said policy, and before the burning of said building, as hereinbefore set forth, and plaintiff W. T. Whitlock, is still bound and obligated on his assignment and endorsement of said mortgage and note to the plaintiff, Frances McBride; and said building was burned and destroyed under such circumstances as to come within the promise and undertaking of said policy."

The circuit court, on writ of error to a judgment for the plaintiffs, held that there was error in refusing to allow the defendant to show there was no privity of contract between the plaintiff, Frances McBride, the assignee of the mortgagee and the insurer, who did not know of the assignment; and that no insurable interest in W. T. Whitlock was shown, in view of his assignment of his interest in the note and mortgage.

The circuit court may have overlooked the possible liability of Whitlock on his assignment of the note and mortmage and a consequent insurable interest of Whitlock in the mortgaged property insured, under the principle stated in 1 Cooley's Briefs on Insurance (2nd Ed.) p. 254, 290, that "though the mortgagee has assigned the notes and mortgage, his liability on his assignment gives him an insurable interest." See Joyce on Insurance, Section 1042; 9 L. R. A. (N. S.) 490. But it is not shown that the plaintiff, Frances McBride, was in privity with or had a right of action against the insurer; and for this reason alone the judgment of the civil court of record against the defendant in her favor, was properly reversed by the circuit court.

The writ of certiorari is quashed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J. AND BROWN, J., concur in the opinion and judgment.

## ON REHEARING.

PER CURIAM.—In a petition for rehearing it is suggested that the judgment in favor of the two plaintiffs jointly when only one of the plaintiffs has shown a right to maintain the action, is harmless error; and that consequently a reversal of the judgment by the intermediate appellate court should be quashed on certiorari.

The action was brought by "Frances McBride, joined by her husband, Elias McBride and W. T. Whitlock" against the "American Central Insurance Company of St. Louis, Missouri, a corporation" on a fire insurance policy. The record does not show that Mrs. McBride had a right to maintain the action.

The judgment reversed by the Circuit Court upon writ of error was rendered by the trial court in favor of "Frances McBride, joined by her husband, Elias McBride and W. T. Whitlock." The judgment for the plaintiffs jointly was erroneous; and even if the error be harmless to the defendant, this court will not on certiorari quash the judgment of the Circuit Court reversing on writ of error the judgment of the trial court that is at least formally erroneous. The writ of certiorari was issued by this Court to determine the question of jurisdiction discussed in the opinion heretofore filed.

In S. S. O. & G. Ry. v. Van Ness, the contract sued on was "made with the plaintiffs jointly" and the judgment was rendered "in the names of the husband and wife" who made the contract with the defendant corporation.

The policy was to insure property of Edith Callahan with a clause to indemnify "W. T. Whitlock as first mortgagee (or trustee) as interest may appear." Whitlock

assigned to Baughman who assigned to Frances McBride. The insurance policy was not transferred but merely deposited with the mortgage and note "in the hands of Frances McBride as collateral security." If Whitlock has an insurable interest in the property because of his assignment of the mortgage and the note secured by the mortgage and if Mrs. McBride has any interest in the insurance policy when it was merely delivered to her with the note and mortgage, her interest is through Whitlock and not by privity with the insurance company.

Rehearing denied.

WHITFIELD, P.J. AND TERRELL AND DAVIS, J.J., concur.

BUFORD C.J. AND BROWN, J., concur in the opinion and judgment.

Filed under Rule 21A.