AMERICAN CENTRAL INSURANCE COMPANY, OF ST. LOUIS, Mo., a corporation, v. W. T. WHITLOCK.

165 So. 380.
Opinion Filed January 13, 1936.
Rehearing Denied February 10, 1936.

*Hampton, Bull & Crom,* for Plaintiff in Error;

*Whitaker Brothers,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of the defendant in error; plaintiff in the court below.

This is the second appearance of this case in this Court. See 107 Fla. 13, 144 Sou. 412. In that opinion we said:

"The Circuit Court may have overlooked the possible liability of Whitlock on his assignment of the note and mortgage and a consequent insurable interest of Whitlock in the mortgaged property insured, under the principle stated in 1 Cooley's Briefs on Insurance (2nd Ed.) p. 254, 290, that 'though the mortgagee has assigned the notes and mortgage, his liability on his assignment gives him an insurable interest.' See Joyce on Insurance, Section 1042; 9 L. R. A. (N. S.) 490. But it is not shown that the plaintiff, Frances McBride, was in privity with or had a right of action against the insurer; and for this reason alone the judgment of the civil court of record against the defendant in her favor, was properly reversed by the circuit court."

The facts in the case appear to be that the note and mortgage above referred to were instruments executed by Edith Callihan and Job Callihan on the 7th day of January, 1926. The note was in the following language, to-wit:

"3000.00                    Tampa, Fla., January 7, 1926.

"Two years after date I, and each maker severally promise to pay to the order of W. T. Whitlock and Ruby B. Whitlock_____Three Thousand_____Dollars at the First National Bank of Tampa, Florida, for value received, with interest from date at the rate of ten per cent. per annum until paid. Payable semi-annually.

"Now should it become necessary to collect this note through an attorney, either of us, whether maker, security

or endorser on this note, hereby agrees to pay all costs of such collection including a reasonable attorney's fee.

"The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of thtis note.

                                     "Edith Callihan
"Due January 7, 1938.          Jobe Callihan"

The note bore the endorsement on the back thereof as follows:

"For ten dollars and other valuable consideration we hereby sell, assign, transfer and deliver to Carl Baughman all our rights, title and interest in and to the within note, this 26th day of January, 1926.

                                     "W. T. Whitlock.

"Pay to Francis McBride
without recourse
Feby. 26/26.
          "Carl Baughman."

The mortgage was executed by the Callihans to W. T. Whitlock and Ruby B. Whitlock.

It is contended here that W. T. Whitlock in assigning the note and mortgage to Baughman only assigned a half interest in the note and mortgage. This contention, however, is not tenable. At the time the note and mortgage were made, executed and delivered W. T. Whitlock and Ruby B. Whitlock were husband and wife and, therefore, their ownership of the note and mortgage when the same were delivered constituted an estate by the entireties.

"A limitation of property capable of being held by entireties, made to a husband and wife without specifying how they are to take, is construed as meant to limit it to them by entireties. In order that a conveyance may create a tenancy by the entireties, it is not necessary that the grantees

be described as husband and wife or their marital relation referred to." (Citing these cases: Hulett v. Inlow, 57 Ind. 412, 26 Am. Rep. 64; Thornburg v. Wiggins, 135 Ind. 178, 34 N E. 999, 41 A. S. R. 422, 22 L. R. A. 42; McLaughlin v. Rice, 185 Mass. 212, 70 N. E. 52, 102 A. S. R. 339; Appeal of Lewis, 85 Mich. 340, 49 N. W. 580, A. S. R. 94). So a deed to a man and woman vests title in them as tenants by the entireties if they are husband and wife, though the grantees did not have any intent what technical estate should be conveyed to them. (Citing: McLaughlin v. Rice, 185 Mass. 212, 70 N. E. 52, 102 A. S. R. 339; 13 R. C. L. 1111, Sec. 132." (Emphasis supplied.)

In 18 Am. Dec. 378, note, we find:

"A tenancy by entireties arises whenever an estate vests in two persons, they being, when it so vests, husband and wife. In this description of tenancy by entirety, we have excluded the idea that the tenancy must be created by gift or purchase. Though not ordinarily acquired by descent, this is so only because husband and wife rarely succeed to property as heirs of the same person. But, on so acquiring it, they are tenants by entireties; Gillen v. Dixon, 65 Pa. St. 395. It is not essential that they should be married when the gift or grant is made, if, thereafter, when it vests, they are husband and wife. Hence, if a devise be made to a man and woman, and before the death of the testator they marry, or if a feoffment be made to them while they are single, of which livery is made after marriage; or if they recover on a voucher to warranty annexed to an estate of which they were joint tenants, in all these cases they take by entireties. Jickling Anal. L. & Eq. Estates, 252; Co. Ltd. 187; Nicholas v. Nicholas, cited Vin. Abr. Baron & Feme; Plowd. Comm. 483."

This rule appears to be well established.

In Bailey v. Smith, 89 Fla. 303, 103 Sou. 833, this Court held that estates by the entireties may exist in both real and personal property in this State. Therefore, it follows that the estate created in W. T. Whitlock and Ruby B. Whitlock was an estate by the entireties.

Estates of this character are indivisible. The endorsement and assignment of the note and mortgage by Whitlock carried with it the entire estate and Whitlock, by his endorsement to the assignee, became liable on that endorsement for the full amount of the note.

We may say here that the record shows that the assignment of the note and mortgage by Whitlock to Baughman was for the sole purpose of having Baughman convey the same to some one who might wish to acquire them. Baughman only acted as a conduit. It is apparent both from the endorsement by Baughman and by the intent of the parties as disclosed by the record that the endorsement by Baughman was only a limitation on his personal liability and that he passed on to the endorsee the general liability incurred by Whitlock by reason of his previous endorsement.

It is elementary, absent contrary contract, that the mortgage security followed the note.

The record shows that Mrs. McBride procured judgment against Whitlock on the insurance policy.

The insurable interest of W. T. Whitlock under the conditions above named and under the terms of the insurance contract was equal to the value of the entire note and mortgage, limited, of course, to the amount of the insurance named in the policy.

Cooley's Briefs on Insurance, 2nd Ed. 229; Clawson v. Citizens Mutual Fire Ins. Co., 121 Mich. 591, 80 N. W. 573; Socicero v. National Union Fire Ins. Co., 90 Fla. 820, 106 Sou. 879.

We find no reversible error disclosed by the record and therefore, affirm the judgment.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL and DAVIS, J. J., concur.

ELLIS, P. J., and BROWN, J., dissent.