BOYER, TYRIE A., Associate Judge
(dissenting).
Insofar as the opinion of the majority may be construed as authority for the proposition that one spouse, without the permission, acquiescence or consent of the *800 •other, may sign the name of the other on a check or other negotiable instrument owned by the parties as tenants by the entireties, .and thereby obtain for his or her exclusive benefit the proceeds thereof, I must respectfully dissent.
There appears to be no Florida decision on the exact point. The two Florida cases cited by the majority appear to me to be distinguishable. As I interpret the Gerson ■case, the court there held nothing more than that a fiduciary, without knowledge of any specific agreement as to the division of property or as to the disrupted marital life, ■may discharge all obligation to both the husband and wife by delivering to one a •check which is payable to both and owned by them as an estate by the entireties. The Gerson case cites with approval Anderson v. Carter, Fla.App.1958, 100 So.2d 831, wherein the following language from Madden v. Gosztonyi Savings & Trust Co., 1938, 331 Pa. 476, 200 A. 624, 630, 117 A.L.R. 904, was quoted with approval:
“ ‘The authorities thus cited would seem to show that either spouse presumptively has the power to act for both, so long as the marriage subsists, in matters of entireties, without any specific authorization, provided the fruits or proceeds of such action inwre to the benefit of both and the estate is not terminated. But neither may by such action destroy the true purpose of the estate by attempting to convert it or a part of it, in bad faith, into one in severalty.’ ” (Emphasis added)
The italicized proviso and the italicized sentence which follows it appear to control the determination of the issue here involved, and is in accord with the plain and unambiguous language of Florida Statute 674.44, F.S.A., which provides as follows:
“When an instrument is payable to the order of two or more payees or indorsees who are not partners, all must indorse, unless the one indorsing has authority to indorse for the others.”
The Merrill case is also clearly ¡distinguishable.
In that case the court stated:
“in the case above cited [American Central Insurance Co. v. Whitlock, 122 Fla. 363, 165 So. 380] there was involved the question of the indorsement and assignment of a note and mortgage. In this case the disposition of property by one of the spouses holding personal property with the other as a tenancy by the entire-ties is not involved. * * *” (180 So. 44) (Emphasis added)
In the case sub judice the disposition of property by one of the spouses holding personal property with the other as a tenancy by the entireties is involved. It appears from the record to be uncontradicted that the plaintiff’s husband, without her authority, signed her name to a check made payable to both and thereupon disposed of same by depositing it to his account with the defendant.
I recognize that the Bello case, decided by the United States Court of Appeals, Fifth Circuit, also cited by the majority, is on point and supports their position. However, I would reject that court’s reasoning in favor of what appears to me to be the clearly expressed intent of the Florida Legislature as contained in the Statute above quoted.
The Supreme Court of Florida has held that, notwithstanding the marriage relationship and the common-law fiction of unity of husband and wife, a husband may be charged with the larceny of the separate property of his wife. (State v. Herndon, 158 Fla. 115, 27 So.2d 833). For us to now hold, based upon the same fiction of unity, that a husband or wife may with impunity sign the name of the other on an instrument in favor of both as tenants by the en-tireties, will, I fear, open Pandora’s box and invite dishonesty between spouses.