DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF LSF10 MASTER PARTICIPATION TRUST,**
Appellant,

v.

**ADRIA SEELEY** and **ERIC ESPICH,**
Appellees.

No. 4D2023-1868

[July 17, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Janet C. Croom, Judge; L.T. Case No. 2022CA000132.

Steven J. Brotman of Locke Lord LLP, West Palm Beach, for appellant.

Leo W. Desmond of Desmond Law Firm, P.C., Vero Beach, for appellees.

PER CURIAM.

The bank appeals an order denying its request for mortgage foreclosure due to lack of standing. The bank argues that it proved standing to foreclose based on its status as holder of the note. We agree. "[S]tanding may be established from a plaintiff's status as the note holder, regardless of any recorded assignments." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). "[U]nder the Uniform Commercial Code, a plaintiff is not required to be both the owner and holder of the note in order to have standing to foreclose. . . . Instead, the plaintiff may establish standing by showing that it owns *or holds* the note, or is otherwise entitled to enforce the note." *Aquasol Condo. Ass'n v. HSBC Bank USA, Nat'l Ass'n*, 312 So. 3d 105, 112 (Fla. 3d DCA 2018) (emphasis added) (citations omitted). "[T]he mortgage security follow[s] the note." *Am. Central Ins. Co. of St. Louis, Mo. v. Whitlock*, 165 So. 380, 382 (Fla. 1936). Thus, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

CIKLIN, LEVINE and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***