CATHERINE HALLIGAN, ADMINISTRATRIX, *vs.*
JOHN CARLSON.

First Judicial District, Hartford, October Term, 1926.
WHEELER, C. J., CURTIS, MALTBIE, HINMAN and SIMPSON, Js.

In an action to foreclose a judgment lien, the original judgment is not subject to collateral attack upon the mere ground that after a default for failure of appearance had been entered against the defendant and the cause placed upon the jury docket at the request of the plaintiff, the hearing in damages was, after the continued failure of the defendant to appear, held to the court and not to the jury.

Argued October 6th—decided November 12th, 1926.

ACTION to foreclose a judgment lien, brought to the Superior Court in Hartford County and tried to the

Court, *Wolfe, J.;* judgment rendered ordering a fore-closure by sale, from which the defendant appealed. *No error.*

*Frank M. Mather* and *Birdsey E. Case,* for the appellant (defendant).

*Henry J. Calnen,* for the appellee (plaintiff).

PER CURIAM. This is an action to foreclose a judgment lien based upon a judgment secured by the plaintiff against the defendant. The writ in the original action was duly served upon the defendant and he appeared by counsel. Subsequently, after notice to the defendant and hearing, the counsel appearing for him was permitted by the court to withdraw. No further appearance being filed, a default was entered against the defendant for failure to appear. Thereafter the plaintiff filed a request that the case be entered upon the jury docket and this was done. The case being assigned for hearing, notice of the day set was sent to the defendant by registered mail, but he failed to appear in person or by attorney. When some days later the case was reached for trial the trial judge suggested that, in view of the defendant's failure to appear, the hearing be to the court instead of to the jury; to this the plaintiff agreed, and that course was pursued. Subsequent to the entry of judgment, defendant did appear and moved to have the judgment reopened, not, however assigning as ground for that motion that the hearing had been to the court and not to the jury. The motion was denied and no further steps were taken in that action. The defendant now seeks to prevent the foreclosure of the lien upon the ground that the trial court had no right to hear the original action without a jury. There is no claim of undue advantage gained

by the plaintiff through fraud, accident, mistake or the like means. Passing the question whether after his default and continued failure to appear the defendant was in a position to raise the objection he now makes, the sufficient answer to his claim is, that the error, if there was one, was not such as could be made of avail in a collateral attack upon the judgment. *Maxwell* v. *Stewart,* 88 U. S. (21 Wall.) 71; *McClendon* v. *Wood,* 125 Ark. 155, 158, 188 S. W. 6; 34 Corpus Juris, 562.

There is no error.