PETERS v. STURMER.

1. JURY—RIGHT TO JURY TRIAL.
   Defendants, having demanded jury and paid jury fee, were entitled to jury trial.

2. SAME—WAIVER—DEFAULT JUDGMENT.
   Where defendants' attorneys, after demanding jury trial, notified trial judge that no defense would be made, made no application for continuance, and did not appear at trial, jury was waived, and court was not in error in entering judgment by default without impaneling jury.

3. JUDGMENT—BINDING UNTIL SET ASIDE IN DIRECT PROCEEDING.
   Judgment rendered by court having jurisdiction of parties and subject-matter is binding until set aside, which may be done only in direct proceeding brought for that purpose.

4. SAME—GARNISHMENT—JURY.
   So long as judgment against principal defendants stands and is not set aside by trial court, it is not valid objection to its introduction in evidence in action against garnishee defendant that there was demand for jury and judgment was entered without jury.

5. INSURANCE—GARNISHMENT—AFFIRMATIVE DEFENSE—WAIVER.
   In action against insurance company, as garnishee defendant, on judgment obtained against insured for damages resulting from automobile accident, insurance company may not deny liability on ground that insured violated terms of policy by having their personal attorney enter his appearance and enter into negotiations with insurer to handle case, where insurance company took over said defense, entered appearance, filed answer to declaration, and conducted negotiations in relation to case up to time judgment was taken.

6. SAME—PURPOSE OF REQUIRING NOTICE TO INSURER OF CLAIM.
   Object of provision in insurance policy authorizing insurer to make defense, and taking from insured right of interference, is to enable insurer, if possible, to prevent liability against insured, upon which insurer might be held.

7. SAME—LIABILITY.OF INSURER WHERE IT DEFENDS ACTION AGAINST
INSURED.

Where insurer comes into litigation and assumes exclusive control thereof under its contract, it recognizes liability, if it fails to defend successfully, to pay insured amount of judgment it so permits to be established, not exceeding sum stipulated in policy.

8. PLEADINGS—AFFIRMATIVE DEFENSE—NOTICE.

In Michigan, affirmative defenses must be pleaded.

9. INSURANCE—PLEADING—NOTICE OF AFFIRMATIVE DEFENSE REQUIRED.

In action against insurance company, defense of failure of insured to give insurer immediate written notice of accident, as required by policy, is affirmative defense, and is not available where notice thereof was not given (3 Comp. Laws 1929, § 14128; Court Rule No. 23, § 4 [1931]).

10. SAME—TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.

Where, in action against insurance company as garnishee defendant, on judgment obtained against insured for damages resulting from automobile accident, court charged jury fully and correctly in relation to duty of insured to give insurer notice of accident, claimed loss, or suit, and in relation to duty of insured to forward to insurer summons or other process served in case of institution of suit, and fairly submitted issues in case to jury, there was no error in refusing to give requests to charge in relation to said issues.

Appeal from Newaygo; Pugsley (Earl C.), J. Submitted April 11, 1933. (Docket No. 82, Calendar No. 37,140.) Decided June 5, 1933.

Garnishment proceedings by Sally Peters, by next friend, against William H. Sturmer and another, principal defendants, and Preferred Automobile Insurance Company, garnishee defendant. Verdict and judgment for plaintiff. Garnishee defendant appeals. Affirmed.

*William J. Branstrom* (*C. W. Peters*, of counsel), for plaintiff.

*Rodgers & Dunn,* for garnishee defendant.

Potter, J.  Plaintiff sued defendants Sturmer to recover damages for personal injuries alleged to have been suffered in an automobile collision at Coral Gables, Dade county, Florida, March 3, 1931, by reason of the alleged negligence of the defendants.  There was judgment for plaintiff on default, and after the entry of this judgment the Preferred Automobile Insurance Company, garnishee defendant, was served with process, and the questions here presented relate to the validity of the judgment in garnishment.  The assignments of error may be divided into four classes:

1. (a) Error in admitting in evidence the judgment entry in the action against the principal defendants; and

(b) Error in denying the garnishee defendant's motion for a directed verdict, and for judgment notwithstanding the verdict.

2. Failure to give defendants' requests to charge numbered 2, 3, and 4.

3. Error in the charge of the court to the jury.

4. Error in overruling defendants' motion for a new trial.

The declaration filed by plaintiff contained four counts, and charged substantially that plaintiff was riding along Ponce de Leon boulevard in an automobile owned and operated in a proper manner by one Anna K. Backer, and at the intersection of Ponce de Leon boulevard with Bird road defendants' automobile, operated by defendant Edith Sturmer, failed to stop at such intersection, was not operated in a careful and prudent manner with due

regard to the traffic and right of way and with due regard to persons rightfully in the public streets at such intersections; but that it was operated in violation of the speed laws in force in the city of Coral Gables, and was driven at an improper and unreasonable rate of speed without the driver having the same under control at a time and when the defendant Edith Sturmer failed to give her entire sober and careful attention to the driving and operation of the motor vehicle driven by her. The defendants, by way of answer, gave notice that defendants' car was being operated in a careful and prudent manner, had the right of way over the automobile operated by Anna K. Backer; that the collision between the two automobiles was caused entirely by the negligence and carelessness of Anna K. Backer; alleged that defendant Edith Sturmer drove her automobile carefully, and that plaintiff would not have been injured but for the negligence of Anna K. Backer—

"which said negligence of said Anna K. Backer was the sole cause of the collision between said automobiles and consisted in then and there driving her said motor vehicle into said intersection at a high and excessive rate of speed, to wit 40 miles per hour, and in then and there driving and propelling her said automobile on the wrong, left-hand and east side of said Ponce de Leon boulevard, at said intersection."

Defendants appeared in the original case, demanded a jury, and paid the jury fee. No jury was impaneled. Defendants did not appear at the trial. Judgment was entered by the trial court without the intervention of a jury, whereupon proceedings in garnishment, based upon such judgment, were instituted by plaintiff against the defendant Preferred

Automobile Insurance Company, which filed a disclosure denying liability. A jury was demanded and the jury fee paid, and a trial of the statutory issue in garnishment resulted in a verdict and judgment for plaintiff against the principal defendants and the garnishee defendant in the sum of $10,175 and costs, plus a motion fee of $10. It is from this judgment the defendant Preferred Automobile Insurance Company appeals. The statute, 3 Comp. Laws 1929, § 14128, provides:

"To entitle a defendant to avail himself of any matter of defense, which, according to the practice as it has heretofore existed, was required to be pleaded specially, or of which a special notice was required to be given under the general issue or other general plea, such defendant shall annex to his plea of the general issue a notice to the plaintiff, briefly stating the precise nature of such matter of defense."

This statute has been amplified by Court Rule No. 23, § 4 (1931), as follows:

"In a suit upon a policy of insurance, if the defendant shall rely, in whole or in part, upon any breach of any of the conditions, agreements, representations, or warranties of the policy or application therefor, or upon the failure to perform or make good any promise, representation, or warranty, or upon the failure to furnish any proof of loss, as required by the policy, the facts showing the nature of the defense relied upon shall be alleged."

No notice was given in defendants' answer of any affirmative defense. Defendants in the principal case demanded a jury. They appeared by the same attorneys as appear for the garnishee defendant. It is claimed the principal defendants never waived a jury trial, and that it was error for the court to

enter a judgment without a verdict by the jury as the basis thereof. Defendants, having demanded a jury and paid the jury fee, were entitled to a trial by jury. *Boatz* v. *Berg,* 51 Mich. 8. The principal case was set for trial by the trial court on a day certain, and May 2, 1932, the trial judge wrote defendants' attorneys:

"My understanding is that you have demanded a jury in these cases and Mr. Branstrom, who represents the plaintiff, has been advised by the court to be ready at that time.

"I wish you would let me know at once whether you wish to continue your demand for a jury in view of the fact that there may be no necessity for calling a jury, except for these cases, and in order that the officer may be notified in time to have the jury in readiness."

And on May 3, 1932, defendants' attorneys wrote to Mr. Branstrom, plaintiff's attorney:

"If you desire to proceed with the trial on Monday, May 9th, without our having heard from the Sturmers and without our entering upon the actual defense of the case in court, we presume that you could take a judgment which would be equivalent to a default judgment against the Sturmers personally."

And on May 5, 1932, defendants' attorneys wrote to the circuit judge:

"We have received a wire today from attorneys in Florida stating that Mr. Sturmer has advised them that Mrs. Sturmer is physically unable to attend trial. If Mr. Branstrom desires to proceed under these circumstances, we shall not defend."

No application was made for a continuance, no facts were presented indicating any reason for a

continuance except by letter, and there was no necessity under the circumstances for a jury trial. We think defendants, notwithstanding their demand for a jury, under the circumstances waived one, and the court was not in error in entering judgment without impaneling a jury (*Roberts·* v. *Tremayne,* 61 Mich. 264) ; and that the objection made by defendant and appellant to the entry of judgment by the trial court without a jury in the principal case against the principal defendants may not be raised here by objection to the introduction of such judgment in evidence. *Maxwell* v. *Stewart,* 88 U. S. 71; *Hoadley* v. *Gafill Oil Co.,* 241 Mich. 15.

"The trouble with counsel's argument is that it is all directed to a collateral attack on the former judgment. That judgment was rendered by a court having jurisdiction of the parties and of the subject-matter. It is binding until set aside, and it can only be set aside in a direct proceeding brought for that purpose." *Hoadley* v. *Gafill Oil Co., supra.*

In this case, so long as the judgment in the principal case stands and is not set aside by the trial court, it is not a valid objection to its introduction in evidence that there was a demand for a jury and a judgment entered without a jury.

The garnishee defendant claims it is not liable because the principal defendants violated the terms of their policy of insurance by having their personal attorney enter his appearance in the case and enter into negotiations with the appellant to handle it. It appears that the principal defendants' personal attorney entered his appearance in the case after service of summons upon them, but that the garnishee defendant, through its attorneys, took over the defense, entered their appearance, filed an answer to

plaintiff's declarations, and conducted the negotiations and correspondence in relation to the case up to the time judgment was taken against the principal defendants. Having assumed charge of the case, they cannot, under the circumstances, raise the question. *Patterson* v. *Adan,* 119 Minn. 308 (138 N. W. 281, 48 L. R. A. [N. S.] 184), quoted with approval in *Griffin* v. *General Casualty & Surety Co.,* 231 Mich. 642, where it is said:

"It took charge of the defense in that case under the exclusive authority conferred by the policy, practically putting itself in the place of the assured, and contested it to an adverse conclusion. Under such circumstances the claim of estoppel is appealing."

One of the objects of the provision in policies authorizing the insurer to make defense and taking from the insured the right of interference, was to enable the insurer, if possible, to prevent liability against the insured, upon which liability the insurance company might be held. *Pickett* v. *Fidelity & Casualty Co.,* 60 S. C. 477, 492 (38 S. E. 160, 629). As said in *Patterson* v. *Adan, supra:*

"Where the company has come into the litigation and assumed exclusive control thereof under its contract, it recognizes a liability, if it fails to defend successfully, to pay the assured the amount of the judgment it so permits to be established, not exceeding the sum stipulated in the policy." (See *Griffin* v. *General Casualty & Surety Co., supra.*)

Defendant claims that the insured failed to cooperate with it as provided by the policy of insurance. The policy in question provided:

"The assured shall give the insurer immediate written notice of any accident * * * with the fullest information obtainable."

As indicated above, no notice of this affirmative defense was set up. It is well settled in this State that affirmative defenses must be pleaded. Proof that one set fire to the insured property is inadmissible in the absence of notice. *Residence Fire Ins. Co.* v. *Hannawold*, 37 Mich. 103. The defense of the statute of limitations must be specially pleaded. *Larsen* v. *General Casualty & Surety Co.*, 242 Mich. 4. Delay in making proof of loss, if relied upon as a defense, must be specially pleaded. *McLaughlin* v. *Ætna Life Ins. Co.*, 221 Mich. 479. A change in the assured's occupation, if relied upon as a defense, must be specially pleaded. *Hare* v. *Workingmen's Mutual Protective Ass'n*, 151 Mich. 225; *O'Neill* v. *Northern Assurance Co.*, 155 Mich. 564. Where a breach of warranty, based upon the wrong number of an automobile having been given by the insured, is relied upon as a defense, notice of such breach of warranty must be given. *Douglas* v. *Insurance Co. of North America*, 215 Mich. 529. Failure of the assured to give immediate notice to an insurance company of an accident is an affirmative defense, of which notice must be given. *Larsen* v. *General Casualty & Surety Co.*, *supra*. Where failure to give immediate notice to the police is relied upon as a defense in an action on a policy which provides that in case of loss by theft such notice must be given, it must be specially set up. *Emery* v. *Ocean Accident & Guarantee Corp.*, 209 Mich. 295. And where a defense is made by an insurance company against liability on a policy providing that an automobile must be equipped with an approved lock, failure to give notice of this defense deprives de-

fendant insurance company of the right to rely thereon. *Molnar* v. *Central Mutual Auto Ins. Cŏ.,* 242 Mich. 41. Defendant and appellant could not, in the absence of notice, urge or rely upon this defense.

Defendants allege the trial court erred in failing to give their second request to charge. Such request was as follows:

"It is undisputed that the policy of insurance issued by the garnishee defendant company to William H. Sturmer and Edith Sturmer, the defendants in this case, requires that they give the insurer immediate written notice of any suit under said policy with the fullest information obtainable, and that if as a result of any claim, suit is brought to enforce such claim, the assured shall immediately forward to the insurer every summons or other process as soon as the same shall have been served. It is not disputed in this case that the Sturmers failed to comply with the provisions of the policy, but on the contrary employed their personal attorney and through him alone offered evidence in said cases, and the compliance with these provisions of the policy was necessary before the garnishee defendant company could be held liable under the policy, and therefore, I charge you that the action of the principal defendants not filing and forwarding summons in this case directly to the insurer and employing their own personal counsel and through him entirely, constituted a breach of condition precedent in said policy."

This request, under the facts, was properly denied. Defendant and appellant allege error upon the court's failure to give its third request to charge, as follows:

"I further charge you that it is undisputed that the insurer, the garnishee defendant company,

thereafter agreed to enter its appearance in said cases on the express condition that the Sturmers would properly co-operate in the defense of these cases, and further that they would be present in court for the trial of these causes. This constituted a conditional waiver of the defendant's breach of said policy, and the agreement of defendant's counsel to such a conditional entry of appearance on the part of the defendants would be binding on them, so that, if the defendants were not present at the time of the trial the garnishee defendant herein would be legally entitled to withdraw from said cause and thereafter would not be liable either to the Sturmers or to the plaintiffs herein.''

The court charged the jury that if there was no liability upon the part of the insurance company to the Sturmers under the insurance policy on the 11th of May, 1932, when judgment was taken against the principal defendants, then plaintiff could not recover against the garnishee defendant—

''because the plaintiff's action in this case is one in which the plaintiff is seeking to obtain for the plaintiff's benefit the amount that the insurance company owed to the Sturmers at the time the judgment was taken, and obviously if there was no obligation on the part of the insurance company to the Sturmers at that time, the plaintiff in this case cannot recover.''

The court charged the jury fully, and, we think, correctly, in relation to the duty of the insured to give the insurer notice of the accident, claimed loss, or suit; in relation to the duty of the insured to forward to the insurer summons or other process served in case of the institution of suit. It properly submitted the question to the jury as to the action taken by the insured at the time summons was

served upon the principal defendants. The court charged the jury that if, after the commencement of the suit by plaintiff against the Sturmers and prior to the judgment of May 11, 1932, the Sturmers were requested to aid in securing evidence or in other material things which they neglected or refused to do, there was a breach of the material provision of the contract which would bar recovery in the case, and if the Sturmers, after the commencement of the suit against them, and prior to judgment, were requested so to do by the defendant insurance company, failed and neglected or refused to furnish co-operation or assistance to the insurance company, there was a breach of a material provision of the insurance contract. The court specifically charged the jury:

"I charge you as follows: First, did the defendant insurance company, after the commencement of the suit by Sallie Peters against the Sturmers and prior to the 11th day of May, 1932, when judgment was rendered, request the Sturmers to aid in securing evidence of material things which they neglected or refused to do? If so, there was a breach of a material provision of the contract which would bar a recovery in this case. Second, did the defendant insurance company after the commencement of this suit and prior to May 11, 1932, request the Sturmers to aid in securing the attendance of witnesses for the trial of the case, which the Sturmers refused, neglected, or failed to do? If so, that was a breach of a material provision of the contract, which would bar a recovery in this case. Third, did the Sturmers after the commencement of this suit against them and prior to May 11, 1932, when requested so to do by the defendant insurance company, fail, refuse, or neglect to give or furnish the co-operation and assistance which the contract of insurance provided?

If so, then that was a breach of a material provision of the insurance contract which would bar a recovery in this case. These questions and your answers thereto strike to the heart of and constitute the meat of this lawsuit."

The trial court also charged the jury:

"You have a right to take into consideration all of the facts and circumstances in this case. You have a right to take into consideration whatever information was given to the insurance company through Mr. Turner, who has represented the Sturmers, and who was afterwards substituted by the attorneys for the insurance company. You have a right to take into consideration any information that was given to the attorneys who represented the insurance company in the State of Florida. You have a right to take into consideration what was done in the State of Florida in the way of obtaining depositions in preparation for trial."

We think the charge of the court fairly submitted the issues in the case to the jury, and we find no error in the refusal of the trial court to grant a new trial.

Judgment affirmed, with costs.

McDonald, C. J., and Clark, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.