**BASS v. HOAGLAND.**

No. 12394.

United States Court of Appeals Fifth Circuit.

Jan. 18, 1949.

Rehearing Denied Feb. 28, 1949.

HUTCHESON, Circuit Judge, dissenting.

———◆———

Dwight Whitwell and Roland Boyd, both of McKinney, Tex., for appellant.

Carlisle Blalock, of Dallas, Tex., for appellee.

Before HUTCHESON, SIBLEY, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The judgment for $9,833.49 from which appeal is taken was entered on a motion for judgment on the pleadings under Rule 12(c) of Federal Rules of Civil Procedure, 28 U.S.C.A. The complaint alleges simply that the plaintiff Hoagland is a citizen of Kansas and the defendant Bass a citizen of Texas and the amount involved is more than $3,000; that on Dec. 13, 1943, judgment was rendered in the United States District Court for the District of Kansas against defendant and another for $7,810.70 and costs, no part of which has been paid, and on which $9,177.53 principal and interest is due, for which judgment is prayed. The answer, after asserting that no claim is stated in the complaint on which relief can

be granted, makes six brief separate defenses, not expressly admitting or denying anything alleged in the complaint. The first of these defenses is that the judgment sued on was one by default on a claim not for a sum certain nor which could by computation be made certain, and no notice was served on defendant three days prior to the application for judgment as required by Rule 55 of Civil Procedure. The second is that the plaintiff perpetrated a fraud on the court in securing a judgment for $7,810.70 as a result of an accident not the fault of the defendant but of the plaintiff, in which the plaintiff suffered injuries which were not severe. The third is that the damages are in view of the injury exorbitant and unconscionable. The fourth is that defendant had good defense which he was prevented from making by fraudulent acts of plaintiff in taking a default judgment without prior notice to defendant when plaintiff knew defendant was not represented by counsel and defendant did not know it; and by not giving defendant notice that the judgment had been taken until more than a year had elapsed, when it was too late for defendant to take steps to vacate and set aside the judgment under Rule 60(b). The fifth is that defendant had no actual knowledge of the default judgment, which was not filed till April 5, 1944, till he was served with process in the present suit on Nov. 17, 1946. The last defense is more lengthy, and alleges that the judgment is void as taking property without due process of law contrary to the Fifth Amendment of the Constitution, by reason of the failure to give notice under Rule 55(b); because rendered without a trial by jury after a jury had been duly demanded by plaintiff and defendant had not consented to a withdrawal of the demand under Rule 38(d); because no notice was given after judgment as required by Rule 77(d), preventing defendant from taking an appeal or moving to set the judgment aside within the time allowed by law; and because the judgment was taken without any evidence at all to establish liability of defendant, or to prove the nature and extent of the damages suffered, if any; the defendant having appeared in the suit and filed an answer denying generally any liability to plaintiff and having alleged contributory negligence on the part of the plaintiff and the driver of the car in which plaintiff was a passenger, so that the rendering of judgment without evidence was a denial of due process and beyond the power of the court.

Such being the pleadings, the plaintiff was allowed to introduce a certified copy of the judgment, which we will regard as making it an exhibit to the complaint. It states that the case came on for trial on Dec. 13, 1943, the plaintiff being present by named attorneys, and the defendants being present neither in person nor by attorney, "but being in default by reason of the withdrawal of Cowan, McCorkle, Kahors and Nelson and W. A. Kahors, which withdrawal had been previously made in open court by said attorneys after notice to defendants"; that an affidavit had been made that the defendants were not in military service; that "thereupon the matter proceeded to trial and evidence having been introduced and argument of counsel having been made, the court finds that the plaintiff is entitled to judgment in the amount prayed for", whereupon recovery was adjudged in the sum of $7,810.70. Besides being signed by the judge, it is marked "Approved", signed by plaintiff's attorneys. It was not filed by the Clerk till April 5, 1944.

On a motion for judgment on the pleadings the old rule obtains that the fact allegations of the answer are to be taken as true, but those of the complaint are taken as true only where and to the extent that they do not conflict with those of the answer. In this case the motion for judgment itself contains an express admission, for the purposes of the motion only, that the grounds of defense in the answer are true, but asserts they are only a collateral attack upon a judgment regular upon its face. The facts thus presented make this picture: Bass, a citizen of Texas, was sued in Kansas (with another) by a citizen of Kansas for a personal injury inflicted in an automobile accident for damages alleged to be $7,810.70. The mode of service does not appear but is immaterial because Bass appeared by counsel and filed an answer to the merits. The plaintiff filed a demand for jury trial and Bass has never consented to its withdrawal. For an undisclosed reason defendants'

counsel "withdrew", but did not withdraw the appearance and answer. The judgment says notice of the withdrawal was given the defendants, but Bass alleged he did not know of it. The case came on for trial. Neither plaintiff nor defendants were present; only plaintiff's counsel. The judge considered the case in default by reason of the previous withdrawal of defendants' counsel; but heard evidence and argument, as the judgment recites, and gave judgment for the exact amount sued for, plaintiff's counsel signing an approval of the judgment. The allegation, admitted for the present to be true, is that no evidence whatever was in fact heard. The judgment was not filed till April 5, 1944, more than three months after its purported date. No notice was given three days before asking a judgment by default as required by Rule 55(b)(2); but notice was fraudulently withheld and Bass did not know there had been a trial or judgment till served in the present suit Nov. 19, 1946. This seems to present a case of injustice, and at least serious irregularity in procedure. Is there an available remedy?

The plaintiff argues that the remedy was by setting aside the default judgment under Rules 55(c) and 60(b) on motion within six months, or by "an action to relieve a party from a judgment" for which Rule 60(b) fixes no limit of time. It may be that under Rule 6(b) an enlargement of the time of six months for a motion might be obtained. No relief having been sought in the court rendering the judgment, it is asserted that an attack cannot be collaterally made in this suit upon the judgment. Whether there was or still is available such a remedy is not a question before us, but would be for the Kansas court on an application to it. Our question is whether the judgment is enforceable in the Texas court on these facts.

■ Both courts involved are federal courts, proceeding under federal law. The due faith and credit clause of the Constitution, Art. IV, Section 1, is therefore not directly applicable. The validity of the judgment of the Kansas District court depends on the Constitution and laws of the United States alone, the procedural law of neither Kansas nor Texas being controlling. The federal Rules of Civil Procedure have the force and effect of statutes, but no more. It is well settled law in the federal courts that a judgment of a court having jurisdiction of the parties and of the subject matter is conclusive of the matter it decides and cannot be collaterally attacked for error in procedure or as to the merits. It is also well settled law that its express recitals import verity; and where the judgment is silent, if the court rendering it is one of record and of general jurisdiction, the federal district court being such a court, all presumptions are in favor of its regularity. It is equally well settled that such presumptions may be overcome and that recitals as to things proper to be shown in the record on which the judgment rests may be overborne by reference to that record. It is also settled that a suit on a judgment, being a mode of enforcing it, does not open it to direct attack, and that any attack is collateral. Since the Kansas court had jurisdiction of the person of Bass by his appearance and pleading to the merits, and had jurisdiction to render a money judgment between citizens of different States for a personal injury, most of the several attacks collaterally made in the answer cannot avail because they assert mere error in the exercise of jurisdiction rather than usurpation of power.

■ But the last defense requires careful consideration. It asserts that the jury trial of the fact issues in the case which is guaranteed by the Seventh Amendment of the Constitution, and was required by the original Judiciary Act of 1799 before the Amendment was adopted, the requirement being carried in 28 U.S.C.A. § 770,* was denied though demanded; and that default was recited in the judgment as its basis when there was no default, but an answer to the merits; and that if there was default the notice required by Rule of Civil Procedure 55(b)(2) before proceeding to judgment by default was not given by plaintiff, nor the jury trial had as to the amount of such unliquidated damages as required by the same Rule; and no evidence at all

_____

* See Federal Rules of Civil Procedure, Rule 38, 28 U.S.C.A.

was heard; and that it all amounts to a denial of due process of law under the Fifth Amendment. We believe that a judgment, whether in a civil or criminal case, reached without due process of law is without jurisdiction and void, and attackable collaterally by habeas corpus if for crime, or by resistance to its enforcement if a civil judgment for money, because the United States is forbidden by the fundamental law to take either life, liberty or property without due process of law, and its courts are included in this prohibition. In Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357, the court was declared to have lost its jurisdiction in a trial for crime when it denied the constitutional right to the assistance of counsel. The right of jury trial, if not waived but denied after demand, the judge usurping the function of the jury, would seem to be similarly an unconstitutional abuse of power. But the right to jury trial, like the right to assistance of counsel in a criminal trial, may be waived, and in a civil case a waiver is shown by mere acquiescence, when the party or his counsel is present and not objecting. Among many cases it is enough to cite Kearney v. Case, 12 Wall. 275, 20 L.Ed. 395, and compare it with Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263. Rule of Civil Procedure 38 requires that the right be asserted by a demand for it. We have found no federal case which has treated as a mere procedural error a flat denial of a jury trial demanded in a civil case, though we have found none holding its denial to be by itself a good ground of collateral attack.

There is of course no right to a jury trial when there is no issue of fact to be tried, and a judgment by default proceeds on that basis. But here, on the facts admitted and provable by the record itself, there was no default from which a confession of the complaint can be presumed. There was appearance and pleading as the summons required, and a demand for jury trial by the plaintiff which operated as a demand by the defendant also unless withdrawn by his consent, which was not given. Rule 38(a, b, d). The judgment nevertheless recites that there was a default because counsel for defendant at some previous date withdrew as such. There was no withdrawal of the defendant's appearance and pleading and demand for a jury. The case was still not in default and thereby confessed. If the plaintiff wished to present it to the court as in default, he was bound to notify the defendant or his counsel three days in advance of the hearing. Rule 55(b)(2). The withdrawal of counsel did not make the notice unnecessary, but made it servable on the defendant instead of his counsel. It was not given and the judgment does not recite that it was. It does say that evidence was heard, presumably on the question of damages, but there was no jury verdict thereon as required by Rules 38 and 55(b)(2). The answer says there was no evidence heard at all, and this is admitted for the present, and an admitted fact may be used on collateral attack as well as the record itself; 49 C.J.S., Judgments, §§ 421, 425, Note 17. The court reporter's record would show the actual truth. The remarkable fact appears on the face of the judgment that the damages in a personal injury suit were fixed in the exact amount sued for, and "Approved" by plaintiff's counsel. The judgment states the plaintiff was not present at the trial, but only his counsel; and that no defendant was present in person or by counsel, so there could have been no waiver of any right. Bass, living in Texas, did not know that the case had been called for trial till he was served in the present suit. This does not look like due process of law under the Constitution, nor even like a judicial trial. Bass' want of diligence in not sooner finding out what had become of his case is not the question here, but the constitutional validity of this judgment under the admitted facts. Strong ground has been taken by the Supreme Court, and in strong language, against treating cases as in default which were not so. In Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215, in equity proceedings in the Supreme Court of the District of Columbia which were not in default, the defendants were held in contempt of court for disobedience to an order to pay money into court. On motion of complainants the court ordered that the answer for this reason be stricken out and removed from the files, and thereafter an order was made that

the bill be taken pro-confesso against the defendants, and on April 17, 1878, a formal decree was entered which recited that the allegations of the bill stood without denial, and adjudged that the complainants have a lien for $197,190 against certain property. Years later the decree was made the basis of a suit between privies of the parties, and the decree was presented as conclusive of their rights. It was held that the Court of the District of Columbia had no right to strike the answer and treat the case as in default and give judgment without evidence, and that the decree was on collateral attack void. On page 43 it is said: "The fundamental conception of a court of justice is condemnation only after hearing. To say that courts have an inherent power to deny all right to defend an action and to render decrees without any hearing whatever is in the very nature of things to convert the court exercising such authority into an instrument of wrong and oppression, and hence to strip it of that attribute of justice upon which the exercise of judicial power necessarily depends." Extensive quotation was made from Windsor v. McVeigh, 93 U.S. 274, 23 L.Ed. 914, in which a collateral attack was made on a decree of condemnation of certain real property rendered by the United States District Court for the Eastern District of Virginia in 1864. The owner had appeared by counsel, and filed a claim and an answer. The court struck them on the ground that the claimant was a rebel within the Confederate lines and immediately entered a decree which recited due proclamation and default made and condemned the property and ordered its sale. The purchaser was relying on this decree to support his title. It was held wholly void. Justice Field himself wrote the first headnote thus: "A sentence of a court pronounced against a party without hearing him or giving him an opportunity to be heard is not a judicial determination of his rights and is not entitled to respect in any other tribunal."

A case in the federal courts having a bearing on the failure in the present case to give notice that a judgment as by default would be asked is Wetmore v. Karrick, 205 U.S. 141, 27 S.Ct. 434, 51 L. Ed. 745. There the suit was upon a judgment in a case

where counsel for defendant had withdrawn as here, after adverse verdict and pending proceedings to review it. The case was continued and after several terms was dismissed on a general call of the docket. Several terms later without notice to the defendant the order of dismissal was stricken as improvidently granted and a judgment was entered on the verdict against the defendant. It was held that the judgment was void for want of due process and subject to collateral attack.

Rule 55(a) authorizes the clerk to enter a default "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." This does not require that to escape default the defendant must not only file a sufficient answer to the merits, but must also have a lawyer or be present in court when the case is called for a trial. The words "otherwise defend" refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits. When Bass by his attorney filed a denial of the plaintiff's case neither the clerk nor the judge could enter a default against him. The burden of proof was put on the plaintiff in any trial. When neither Bass nor his attorney appeared at the trial, no default was generated; the case was not confessed. The plaintiff might proceed, but he would have to prove his case. If there was an erroneous idea that the absence of counsel caused a default, still Rule 55(b) (2) required three days notice to Bass or his counsel before a judgment by default could be considered. Bass under the admitted facts knew he was not in default, did not know his counsel had withdrawn, and had no notice that a judgment by default was to be asked. To get such a judgment without evidence and without notice is not in our opinion due process of law.

We are persuaded that judgment for the plaintiff ought not to have been entered on the pleadings in the present case, and that the truth of the answer ought to be tried. If the judgment sued on is found to be void, the Kansas court would probably now set it aside, leaving the case there for trial on its merits, which would seem the true jus-

tice of the situation. The Texas court could, if so disposed, delay its action, if a direct attack on the judgment should now be made and entertained by the Kansas court. We give no direction, but we set aside the judgment appealed from and remand the cause for further proceedings.

Reversed.

HUTCHESON, Circuit Judge (dissenting).

Like my associates, I feel that, as appellant presents it, this is a hard case, and that it calls for relief if relievable. Unlike my associates, I believe that it is not relievable and that the relief of reversal accorded by the majority is just another instance of a hard case making bad law.

The general principles [1] governing cases of this kind, as set out in the opinion of the majority are well established. These leave in no doubt that while want of jurisdiction was a defense to the suit on the judgment, that want must appear on the face of the record or from specific facts alleged by the defendant.

The majority, though agreeing that no federal case has been found which held that the trial of a case without a jury subjected the judgment to collateral attack, seems to hold that the entry of judgment here without the intervention of a jury rendered the judgment void. The reasons put forth in support of this view are not at all convincing. The three authorities cited in support [2] are, with deference, not in point. In none of them was the question of trial by jury raised. In each of them the judgment on its face carried its death warrant. Here nothing recited in the judgment [3] or pleaded with respect to it, in my opinion, made it void. Not a single matter of fact carefully recited in the judgment was denied by the defendant. Indeed, the defense seemed sedulously to avoid denying the facts recited. These recited facts were: (1) that the court had jurisdiction over the person of the defendants; (2) that, having answered, the defendants had become in default by the withdrawal in open court, after notice to them, of defendants' counsel; and (3) that the matter proceeded to trial, and judgment was entered on the evidence.

In his seventh defense, which the majority seems to think sufficient to present an issue as to jurisdiction, the defendant makes no claim that the court was without jurisdiction of the person of the defendant and the subject matter of the suit. The only claims are procedural: (1) that he did not have notice that the judgment was going to be taken against him; (2) that he was not tried by a jury; (3) that he was not notified that the judgment had been rendered;

---

[1] Cf. 50 C.J.S., Judgments, §§ 849, 855; 31 Am.Jur., "Judgments", 813, 824 and 825. See also 49 C.J.S., Judgments, §§ 431, 432.

[2] Hovey v. Elliott, 167 U.S. 409, 17 S. Ct. 841, 42 L.Ed. 215; Windsor v. McVeigh, 93 U.S. 274, 23 L.Ed. 914; Wetmore v. Karrick, 205 U.S. 141, 27 S.Ct. 434, 51 L.Ed. 745.

[3] "In the District Court of the United States for the District of

Kansas, Second Division.

Edna Pearl Bailey, Plaintiff
vs.          No. 2031.
B. F. Bass and Harold S. Alderman,
Defendants.

Journal Entry.

"Now on this 13th day of December, 1943, this matter comes on in regular order for trial, the plaintiff being present by her attorneys, Howard T. Fleeson and Paul R. Kitch, and the defendants being present neither in person nor by attorney but being in default by reason of the withdrawal of Cowan, McCorkle, Kahrs & Nelson and W. A. Kahrs, which with-

drawal had been previously made in open Court by said attorneys after notice to said defendants. Thereupon it was stated by counsel for plaintiff that an affidavit had been prepared to the effect that neither of said defendants was in military service and that there was no necessity for the appointment of counsel to represent the defendants under the terms of the Soldier's and Sailor's Civil Relief Act [50 U.S.C.A.Appendix, § 501 et seq.].

Thereupon the matter proceeded to trial and evidence having been introduced and argument of counsel having been made the Court finds that the plaintiff is entitled to judgment in the amount prayed for and that said judgment should be entered. It is therefore by the Court

Considered, Ordered and Adjudged, that the plaintiff Edna Pearl Bailey have and recover of and from the defendants B. F. Bass and Harold S. Alderman and each of them judgment in the sum of $15,475.-00 and costs of this action.

(S.) Stephen S. Chandler, Judge."

and (4) in direct conflict with its recitations that evidence was heard, that the judgment was entered without hearing evidence.

The two hooks on which the majority opinion depends, (1) that, the defendant having answered, a default judgment could not be taken against him; and (2) that, defendant having demanded a jury, the failure to try the cause to a jury, rendered the judgment void, are not, in my opinion, sufficient to support it.

As to the first, Rule 55(a), Federal Rules of Civil Procedure, declares that a default may occur by failure "to plead or otherwise defend". It seems clear to me that if, as the judgment recites, defendant's counsel had, on notice to him, withdrawn from the case, and defendant had not appeared to defend it, the defendant was in default.

If I am correct in this, and the first hook fails, it is quite plain that the second hook fails also, for it is well settled that where there is a default, neither party has the constitutional right to jury trial. 3 Moore's Federal Practice, p. 3167. In 49 C.J.S., Judgments, § 431, at page 856, the following appears:

" * * * it is no ground of collateral objection that the action was tried by the court alone, where it was properly triable by a jury, or vice versa * * *". Two cases directly in point are Halligan v. Carlson, 105 Conn. 245, 135 A. 39; and Peters v. Sturmer, 263 Mich. 494, 248 N.W. 875.

I think it most unfortunate for defendant that if he had a defense to the suit he did not appear and present it. I think it more unfortunate that his neglect to make his defense is by the majority opinion converted into a meritorious defense to the enforcement of the judgment. I respecfully Dissent.