988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marie R. FULOP, Plaintiff-Appellant,
v.
Priscilla A. HAMILTON; USAA Casualty Insurance; Halls
Emergency Inc., Defendants-Appellees.
 No. 91-35865.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1993.*
Decided Feb. 10, 1993.
 
 Appeal from the United States District Court for the District of Montana; No. CV-86-00080-PGH, Paul G. Hatfield, District Judge, Presiding.
 D.Mont.
 VACATED AND REMANDED.
 Before TANG, KOZINSKI and FERNANDEZ, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 Marie Fulop (appearing pro se) sued Priscilla Hamilton and Halls Emergency for injuries allegedly arising out of an auto accident. On the third day of trial, Fulop didn't appear in court. Instead, her sister passed the judge a note from a local physician that said Fulop had sought medical treatment at a hospital the night before, and needed two to three days of bed rest. Defendants moved to dismiss, but the judge denied the motion. Instead, he called Fulop's witnesses to the stand, examined them himself, discharged the jury and eventually entered judgment. He found Hamilton liable and Halls not liable, and awarded Fulop $5000 plus costs. Fulop appeals.
 
 
 3
 Our judicial system almost never permits a trial to proceed with one of the parties absent and unrepresented. See Bass v. Hoagland, 172 F.2d 205, 207-09 (5th Cir.), cert. denied, 338 U.S. 816 (1949). Even when the judge scrupulously strives to protect the absent party's interest (as he no doubt did here), and calls and examines witnesses on the party's behalf, this is no substitute for having the party present her own case. Ours is an adversarial, not an inquisitorial, system of justice. The judge's actions denied Fulop the opportunity to present her factual theory and, even more important, to have the jury find the facts. See U.S. Const. amend. VII. This was an extremely serious sanction, one tantamount to a dismissal.[1]
 
 
 4
 We therefore review the district court's decision under the standard we'd use to review an involuntary dismissal with prejudice. Under this standard, Fulop wins, though just barely. Even when a litigant's intransigence provokes a district judge, he may not dismiss without first considering the possibility of less drastic sanctions. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1431 (9th Cir.1990); Malone v. United States Postal Serv., 833 F.2d 128, 131, 132 n. 1 (9th Cir.1987), cert. denied sub nom. Malone v. Frank, 488 U.S. 819 (1988). In this case, the judge had several such alternatives. He could have sanctioned Fulop for the late notice, perhaps by making her pay the extra costs she imposed on the defendants. He could have demanded more convincing proof that she was really too ill to attend. If the judge thought she wasn't too ill, he could have notified her that he'd dismiss the case if she didn't show up within some number of hours. He could have done a combination of these things, perhaps by notifying her that she'd be penalized for every hour she was absent, up until a certain time when the case would be dismissed.[2] This would have at least alerted Fulop to the risk of forfeiting her claim, see Hamilton v. Neptune Orient Lines, Ltd., 811 F.2d 498, 500 (9th Cir.1987), and would have done so with minimal loss to the defendants.[3]
 
 
 5
 Fulop behaved badly throughout this proceeding, both at trial and on appeal. Her conduct has been inconsiderate, intemperate, often sanctionable. The judge may well have thought that she hadn't incurred more than $5000 worth of damages, and that he and the defendants had suffered enough at her hands. But Fulop was nonetheless entitled to present her case and have the jury decide the merits of her claims and the measure of her damages. We therefore reluctantly remand for a new trial, hoping the threat of sanctions will deter future misconduct on Fulop's part.[4]
 
 VACATED and REMANDED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the judge found Hamilton was liable, the judge did award Fulop $5000, but his actions deprived Fulop of the chance to prove she deserved a larger damage award
 
 
 [2]
 In fact, some such sanctions might still be proper if the judge finds Fulop was feigning illness, or was sick but could have more quickly alerted the court or the defendants
 
 
 [3]
 For an analogous procedure in a somewhat different context, see Fed.R.Civ.P. 55(b)(2), which requires notice before entry of default judgment against an appearing defendant
 
 
 [4]
 We affirm the district court's denial of Fulop's motion to amend her complaint. Long v. Bureau of Economic Analysis, 646 F.2d 1310, 1321-22 (9th Cir.) (standard is abuse of discretion), vacated on other grounds, 454 U.S. 934 (1981)