CARLTON, J.,
for the Court:
¶ 1. This case addresses the enrollment of foreign judgments and the exceptions available to the constitutional requirement •of honoring foreign judgments with full faith and credit when those judgments are properly enrolled in Mississippi.
¶ 2. The procedural history of the foreign judgment at issue reflects that in a prior, separate case, John Pereira, a bankruptcy trustee for Cashpoint Network Services Inc. (Cashpoint), filed a complaint in the United States Bankruptcy Court for the Southern District of New York alleging that Gregory Price signed and executed a “Personal Indemnity and Guaranty,” which indebted Price to Cashpoint in the amount of $2,111,373.79. Price denied ever signing the guaranty. The bankruptcy court ultimately struck Price’s answer due to discovery issues and then entered a default judgment in the amount of $2,111,373.81. Price failed to appeal that judgment.
¶ 3. The bankruptcy trustee, Pereira, then filed a petition seeking to enroll that foreign judgment in Mississippi. Price filed an objection to the petition. Pereira then filed an answer to Price’s objection, as well as a motion for summary judgment, asserting that the foreign judgment from the bankruptcy court was a final judgment and, thus, was entitled to full faith and credit by the trial court. Upon Pereira’s motion, the Hinds County Circuit Court granted summary judgment, thereby allowing the judgment to be enrolled. Price now appeals the grant of summary judgment and asserts as error that his due-process rights were violated in the prior bankruptcy proceeding wherein the foreign judgment was rendered. We find no error in the trial court’s grant of summary judgment; accordingly, we affirm.
FACTS

Foreign Judgment Rendered in Bankruptcy Court

¶ 4. We first review the relevant facts pertaining to the prior proceeding wherein *1170 the foreign judgment was obtained. On August 15, 2006, Pereira filed a complaint in the United States Bankruptcy Court for the Southern District of New York. In his complaint, Pereira, as bankruptcy trustee for Cashpoint, alleged that Price signed and executed a “Personal Indemnity and Guaranty,” which indebted Price to Cashpoint in the amount of $2,111,373.79. Per-eira failed to attach the guaranty to the filed complaint.
¶ 5. Price filed an answer denying ever executing a personal guaranty or providing Cashpoint with a personal guaranty of any sum. On November 14, 2006, Pereira made his first demand that Price produce numerous documents, including any guaranties executed by Price. On March 22, 2007, Pereira filed a motion to compel Price to produce documents and appear for a deposition as a result of Price’s failure to respond to discovery demands, or, alternatively, to strike Price’s answer.
¶ 6. On March 28, 2007, the bankruptcy court entered an order directing Price to produce any and all documents responsive to Pereira’s demand for production. On May 3, 2007, the bankruptcy court entered another order directing Price’s cooperation with Pereira’s demands, and also directing Price to produce financial information for the period from September 18, 2001, through and including April 22, 2004. Price produced tax returns and personal bank-account information for much of that time frame.
¶ 7. On July 25, 2007, Pereira filed a motion to strike Price’s answer and'enter a default judgment as a result of Price’s failure to respond to his discovery demands. A hearing on Pereira’s motion to strike and enter a default judgment was scheduled for August 16, 2007. Price, however, asserts that he was not provided with proper notice for this hearing, as the notice supposedly sent to Price provided him with the wrong date for the hearing. Price failed to show up for the hearing on August 16, 2007, and the bankruptcy court granted Pereira’s motion to strike Price’s answer and enter a default judgment.
¶ 8. On September 5, 2007, the bankruptcy court entered an order requiring Price to produce all documents requested by Pereira. The order stated that if Price failed to produce the documents, then Per-eira may re-apply for a default judgment and it would be presumptively granted. Pereira filed his re-application for an order striking Price’s answer on September 24, 2007, wherein he admitted Price had produced tax returns for 2001 through 2003 and checking-account statements from 2000 through 2004, but Pereira claimed this was insufficient. The court entered an order granting Pereira’s motion and entering a default judgment against Price on September 19, 2008, over one year later. The record contains no appeal of this judgment from the bankruptcy court by Price.

Enrollment of Foreign Judgment in Mississippi

¶ 9. Pereira then filed a petition to enroll the foreign bankruptcy judgment in the Hmds County Circuit Court, the Forrest County Circuit Court, and the Yazoo County Circuit Court. Price then filed a motion to consolidate the petitions before the Hinds County Circuit Court, and an agreed order of consolidation was entered in Hinds County. Price filed an objection to the petition to enroll the judgment, claiming that the foreign judgment was based on either fraud or misrepresentation of facts, and was therefore void. Price asserted in his objection to the enrollment petition that Pereira failed to produce the alleged guaranty signed by Price. He also claimed that the affirmations of the bankruptcy trustee were false and led to the default judgment in bankruptcy court. In his objection, Price failed to address his *1171 own failure to appeal from the bankruptcy default judgment. The record excerpts nonetheless contain portions of a deposition by Price clarifying that his objection to the enrollment stemmed from the unfair discovery demands by the bankruptcy court and that the bankruptcy court judgment lacked basis since he signed no guaranty. He admitted in.the deposition that he raised these issues and objections to the bankruptcy discovery in the bankruptcy proceeding.
¶ 10. Price also claims that in the enrollment action filed in Mississippi, he submitted discovery requests to Pereira, but Pereira objected to all of the requests on the ground that they sought information outside the scope of discovery of the enrollment petition filed in Mississippi. Price claims he filed a motion to compel discovery from Pereira. He argues that the trial court never ruled on the motion and Pereira never responded to discovery.
¶ 11. On January 11, 2010, Pereira filed an answer to Price’s objection, and also filed a motion for summary judgment and for sanctions. In his motion for summary judgment, Pereira asserted the following: that the foreign judgment from New York was final and entitled to full faith and credit by the Hinds County Circuit Court; that the default judgment was not subject to collateral attack; and that Price’s objection to the enrollment of the judgment failed to fall within the two exceptions to full faith and credit. See U.S. Const, art. IV, § 1; Miss.Code Ann. §§ 11-7-301 to - 309 (Rev.2012). The two exceptions to the full-faith-and-credit requirement are as follows: (1) the foreign court lacked subject-matter jurisdiction, and (2) the foreign judgment was the result of “extrinsic fraud.”[1]
¶ 12. Price filed a responsive brief in opposition to Pereira’s motion for summary judgment, and Price argued that Pereira ignored an additional exception to the requirements of full faith and credit and the prohibition against collaterally attacking another court’s judgment. Price argued that another exception appears when one’s due-process rights have been violated. Price argued that the process before the bankruptcy court was so seriously flawed as a procedural matter that enforcement of the foreign judgment obtained therein in Mississippi amounted to a due-process violation.[2]
¶ 13. The circuit court held a hearing on January 25, 2010. Subsequent to the hearing, the circuit court requested a copy of any available hearing transcripts from the New York bankruptcy proceedings. On May 17, 2010, the circuit court entered an order granting Pereira’s motion for summary judgment, finding that Price’s ''allegations of fraud, which Price* pled to apply an exception to the requirement of full faith and credit for foreign judgments to collaterally attack the bankruptcy judgment, failed to fall within the required definition of “extrinsic fraud.” In its order, the circuit court did not address the due-process exception raised by Price in his responsive brief.
¶ 14. Price now appeals, asserting two issues for review: (1) whether the trial court erred in granting summary judgment in favor of Pereira, and (2) whether any genuine issue of material fact exists regarding whether the Due Process Clause of the Fifth Amendment may prevent enforcement of the foreign judgment in this case.
STANDARD OF REVIEW
¶ 15. We apply a de novb standard of review of a trial court’s grant or denial of
*1172 summary judgment. Hudson v. Courtesy Motors, Inc., 794 So.2d 999, 1002 (¶ 7) (Miss.2001). Rule 56(c) of the Mississippi Rules, of Civil Procedure states that summary judgment shall be granted if “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact....” “The evidence must be viewed in the light most favorable to the party against whom the motion has been made.” Butler v. Upchurch Telecomms. & Alarms Inc., 946 So.2d 387, 389 (¶ 8) (Miss.Ct.App.2006). If the court finds that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law, then summary judgment should be entered in his favor. Id. The burden of demonstrating that no genuine issue of fact exists is on the moving party. Id.
DISCUSSION
¶ 16. Price argues that the trial court erred in granting summary judgment by ignoring and failing to apply an exception, for a violation of due process, to the general prohibition against collaterally attacking foreign judgments. Price states that he primarily objected to the enrollment in Mississippi of the foreign bankruptcy court’s default judgment because the judgment was procured by fraud and serious misrepresentations, including a violation of Federal Rule of Bankruptcy Procedure 9011, which states:
(b) Representations to the court
By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person’s knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
(Emphasis added).
¶ 17. Price asserts that in the prior bankruptcy proceeding, Pereira failed to produce the alleged personal guaranty signed by Price, and he claims that in Pereira’s motion to strike Price’s answer, Pereira admits he did not possess the guaranty. Our review of the record, however, shows that Pereira actually states that “[Cashpoint’s] files contain only a conformed copy of this guaranty].” Price states that since Pereira failed to possess the guaranty, Pereira thus lacked reasonable belief that a guaranty existed when he filed the complaint. Price argues that this clear violation of Rule 9011 leads to the conclusion that enrolling the default judgment in Mississippi would amount to a due-process violation.
¶ 18. Price cites to Bass v. Hoagland, 172 F.2d 205, 209 (5th Cir.1949), wherein the United States Court of Appeals for the Fifth Circuit stated:
We believe that a judgment, whether in a civil or criminal case, reached without *1173 due process of law is without jurisdiction and void, and attackable collaterally by habeas corpus if for crime, or by resistance to its enforcement if a civil judgment for money, because the United States is forbidden by the fundamental law to take either life, liberty or property without due process of law, and its courts are included in this prohibition.
Price asserts that Pereira failed to ever produce a copy of the alleged personal guaranty signed by Price, and cites to Pereira’s answer wherein Pereira admits that he possessed no such signed guaranty. Price claims that since Pereira filed his complaint without possessing the guaranty, he lacked reasonable belief as to the truth or validity of the claim, and therefore, the lawsuit was entirely wrongful.
¶ 19. However, Bass differs from the case before us. In Bass, the Fifth Circuit found that procedural-due-process violations involving notice and opportunity to appeal rendered the proceedings so unfair as to be constitutionally invalid. Id. at 208-09. The defendant’s lawyer withdrew from representation, and the case was set for trial without other personal notice to the defendant. Id. at 207-08. Despite lack of notice to the defendant, the trial was held, and a judgment was rendered against the defendant. Id. at 208. After trial, opposing counsel interfered with sending a' copy of the judgment to the defendant, and therefore, the defendant failed to receive timely notice of the judgment, thereby denying him an opportunity to appeal. Id.
¶ 20. In the present case, Price admitted in his deposition to actively participating in the bankruptcy proceedings, and no dispute exists as to his notice of the final judgment therein. Price failed to appeal that final judgment, and as a result, he waived any arguments as to the merits of the decision by the bankruptcy court in its judgment.
¶ 21. Pereira argues that Price presented the same objections to the Mississippi trial court as previously presented to the bankruptcy court, and thus, Pereira argues that res judicata bars relitigation of these issues that the bankruptcy court previously litigated. Pereira cites to the portion of the record where Price admitted that his objections to enrolling the foreign judgment in Mississippi constitute the same objections he raised in the bankruptcy court. Since Price failed to appeal the bankruptcy court’s judgment, Pereira asserts that Price’s objections are now barred by the doctrine of res judicata.
¶ 22. Price next argues that with respect to enrollment of the petition in Mississippi, the trial court erred in granting summary judgment prior to the completion of discovery and prior to addressing Price’s counterclaim for fraud. Price raised a counterclaim pursuant to Mississippi Rule of Civil Procedure 13 for fraud, arguing that the bankruptcy proceedings in New York violated Mississippi Rule of Civil Procedure 11 since Pereira possessed no reasonable belief that the signed guaranty existed. Price also asserted that the complaint lacked arguable basis and possessed no hope of success. Price states that he intended to amend his counterclaim to add further specificity to his claims of fraud after the completion of discovery; however, the trial court failed to address his counterclaim in the order granting summary judgment. The basis of Price’s Rule 11 argument addresses the merits of the complaint filed in bankruptcy court, and hence this argument fails to support an objection to enrollment of the foreign judgment based upon any procedural-due-process violation.
¶ 23. Price cites to Sullivan v. Tullos, 19 So.3d 1271, 1277 (¶ 25) (Miss.2009), wherein the Mississippi Supreme Court reversed and remanded a grant of sum *1174 mary judgment where proof in the record regarding the accusations in the lawsuit was circumstantial and summary judgment against the appellants was granted prematurely, preventing discovery to allow the opportunity to develop the record. Id. However, Pereira disputes Price’s argument that the trial court prematurely granted the motion for summary judgment, asserting that on the face of his objection, Price never brought a counterclaim for fraud. Regardless, Pereira states that the bankruptcy court’s judgment operates as res judicata on all issues, claims, and defenses that could have been brought in the prior adversary proceeding.
¶ 24. We agree, and we find that res judicata bars relitigation of the objections and issues determined by the foreign judgment that Price seeks to raise now in this enrollment action in Mississippi. See Schwartz v. Hynum, 933 So.2d 1039, 1042 (¶ 12) (Miss.Ct.App.2006) (“The principle of res judicata operates to avoid multiplicity of litigation. Res judicata bars all issues that might have been (or could have been) raised and decided in the initial suit, plus all issues that were actually decided in the first cause of action.”). In this case, Price raises no facts or objections supporting a claim of a constitutional procedural-due-process violation. The objections raised by Price address the merits of the decision by the bankruptcy court as set forth in its judgment, as does Price’s counterclaim, wherein he argues Pereira committed a Rule 11 violation based upon a frivolous complaint. See Ill. Cent. R.R. v. Broussard, 19 So.3d 821, 823-24 (¶¶ 10-11) (Miss.Ct.App.2009) (discussing Rule 11 and the Litigation Accountability Act).[3] Since Price raises no dispute of material facts in the Mississippi enrollment action or evidence supporting either of our recognized exceptions to the constitutional requirement of giving full faith and credit to foreign judgments — a lack of subject-matter jurisdiction or extrinsic fraud — and since Price also fails to set forth any facts supporting a procedural-due-process violation to support the exception acknowledged in Bass, then we affirm the grant of summary judgment by the trial court. See Butler, 946 So.2d at 389 (¶ 8).
¶ 25. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, *1175 MAXWELL AND FAIR, JJ., CONCUR. JAMES, J„ DISSENTS WITH SEPARATE WRITTEN OPINION.

. See U.S. Const. art. IV, § 1; Miss.Code Ann. §§ 11-7-301 to-309.

. See Fehlhaber v. Fehlhaber, 681 F.2d 1015, 1027 (5th Cir.1982).

. In Illinois Central, 19 So.3d at 823 (¶¶ 10-11), this Court explained:
Both Rule 11 and the Litigation Accountability Act authorize an award of attorneys' fees and expenses as a sanction for certain filings. According to Rule 11(b), the court may order expenses or attorneys’ fees "if any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay.” M.R.C.P. 11(b). Similarly, the Act states in part:
[I]n any civil action commenced or appealed in any court of record in this state, the court shall award reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment.
Miss.Code Ann. § 11-55-5(1) [ (Rev.2012) ].
The Act defines a claim brought "without substantial justification” to be one that is "frivolous, groundless in fact or in law, or vexatious, as determined by the court.” Miss. Code Ann. § 11-55-3(a) [(Rev.2012)]. This Court uses the same test to determine whether a filing is frivolous under both Rule 11 and the Act. Leaf River Forest Prods., Inc. v. Deakle, 661 So.2d 188, 197 (Miss.1995). A claim is frivolous when "objectively speaking, the pleader or movant has no hope of success.” Id. at 195 (citation omitted).